870 A.2d 1285

Patrick STIDHAM

v.

Rachel MORRIS et al.

No. 1577, Sept. Term, 2004.

Court of Special Appeals of Maryland.

April 1, 2005.

Susan S. Muller, Owing Mills, for appellant.

Kimberly B. Gordon, Towson, for appellee.

Panel DAVIS, EYLER, JAMES R., KRAUSER, JJ.

KRAUSER, J.

This expedited appeal presents a venue dispute in the Circuit Court for Prince George's County between appellant Patrick Stidham, a resident of Baltimore County, Maryland, and appellees, Rachel and David Morris, residents of Felton, Pennsylvania. Bypassing Baltimore County, where he lives and where the automobile accident that is the subject of this lawsuit occurred, appellant brought a negligence action in Prince George's County. Although no rationale was offered by appellant for his choice of forum, his selection suggests that, while home may be where the heart is, it is not necessarily where the largest recovery lies.

Because Prince George's County has virtually no connection with this matter, the Prince George's County circuit court promptly granted appellees' request to transfer the case to Baltimore County, which does. Insisting that, in doing so, the circuit court abused its discretion, appellant noted this appeal.

### Facts

The material facts are not in dispute. In an Agreed Statement of Essential Facts filed in this Court pursuant to Maryland Rule 8–207(b) [1], the parties stated that on October 11, 2001, an automobile, owned by appellee David Morris and

---

1. Maryland Rule 8–207(b)(1) provides for an expedited appeal upon joint election of the parties. Under Rule 8–207(b)(2), the parties must file with the Clerk of this Court "an agreed statement of the case, including the essential facts as prescribed by Rule 8–413(b)." Rule 8–413(b) requires that an agreed statement of the case be approved by the circuit court. See Md. Rule 8–207(b)(2), Committee Note.

operated by appellee Rachel Morris, struck the rear of appellant's vehicle on a local road in Baltimore County. As noted, the appellees are residents of Felton, Pennsylvania, and appellant is a resident of Baltimore County, Maryland.

Alleging that the accident would not have occurred but for the negligence of the Morrises, appellant filed an action in the Circuit Court for Prince George's County to recover damages for injuries he sustained in the accident. Contesting appellant's choice of forum, the Morrises filed a motion, under Maryland Rule 2–327(c), to transfer venue to the Circuit Court for Baltimore County. On August 25, 2004, the circuit court granted that motion and ordered the transfer of the case.

The following day, on August 26, 2004, appellant filed a motion to reconsider the order transferring venue. On September 8, 2004, that motion was denied.

### Standard of Review

"We review a trial court's decision to transfer a case to another venue, pursuant to [Maryland] Rule 2–327(c), under an abuse of discretion standard.[2]" *Cobrand v. Adventist Healthcare, Inc.*, 149 Md.App. 431, 437, 816 A.2d 117 (2003). "An abuse of discretion is said to occur where no reasonable person would take the view adopted by the trial court, or when the court acts without reference to any guiding rules or principles." *Id.* (citations omitted). "Accordingly, when reviewing a motion to transfer, a reviewing court should be reluctant to substitute its judgment for that of the trial court." *Id.* (quotations omitted).

### Discussion

Appellant contends that the circuit court abused its discretion in transferring venue from Prince George's County,

---

**2.** "The grant of a motion to transfer is an immediately appealable final judgment, whereas the denial of such a motion is not." *Cobrand*, 149 Md.App. at 437, 816 A.2d 117 (citing *Brewster v. Woodhaven Bldg. & Dev., Inc.*, 360 Md. 602, 615–16, 759 A.2d 738 (2000)).

where the appellant filed suit, to Baltimore County, where both the appellant resides and the accident occurred.

At first blush, appellant's claim appears to have some merit to it. After all, under Maryland Code (1974, 2002 Repl.Vol.), § 6–202(11) of the Courts and Judicial Proceedings Article ("CJP"), an "[a]ction for damages against a non-resident individual" may be brought in "[a]ny county in the State". Appellant is therefore correct in asserting that venue, in this case, lay in any county in Maryland, including Prince Georges's County. *See* Maryland Code, CJP §§ 6–201 through 6–203. And his choice to file suit in Prince George's County, we concede, was a lawful exercise of his statutorily-sanctioned prerogative to do so.

But while CJP § 6–202(11) grants appellant the right to file an action in whatever county he chooses, it does not prohibit the transfer of that action, if justice and the convenience of the parties and their witnesses so requires. In fact, Maryland Rule 2–327(c) provides that, "[o]n motion of any party, the court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice."

In deciding whether to grant such a motion, the court is vested with " 'wide discretion.' " *Leung v. Nunes*, 354 Md. 217, 223–224, 729 A.2d 956 (1999)(*quoting Odenton Dev. Co. v. Lamy*, 320 Md. 33, 40, 575 A.2d 1235 (1990)). But that discretion is not without limits. "A motion to transfer should be granted only when the balance weighs strongly in favor of the moving party." *Leung*, 354 Md. at 224, 729 A.2d 956 (citations omitted). And, in making that determination, a court should consider "the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.' " *Id.*

Just how we are to apply this standard requires that we pause briefly to review the genealogy of Rule 2–327(c).

"Section (c) of Md. Rule 2–327 was derived from 28 U.S.C. § 1404(a)." *Odenton,* 320 Md. at 40, 575 A.2d 1235; *see also* Paul V. Niemeyer and Linda M. Schuett, *Maryland Rules Commentary,* at 236 (3rd ed. 2003)(*"Maryland Rules Commentary "*). That federal statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Indeed, our current "respect for the plaintiff's choice of forum is derived largely from federal law developed under Title 28 U.S.C. § 1404(a)." *Leung,* 354 Md. at 224, 729 A.2d 956. "Consequently the federal law in construing § 1404(a) is highly persuasive" when we review, as we do here, a circuit court ruling based on Md. Rule 2–327(c). *Odenton,* 320 Md. at 40, 575 A.2d 1235. In fact, federal and Maryland law, on this point, can almost be viewed as one body of law. *Maryland Rules Commentary,* at 236 ("[Rule 2–327(c)] is derived from 28 U.S.C. § 1404(a) and is intended to incorporate the body of law construing that statute.").

■ In deciding a motion to transfer, we, as do the federal courts, consider two overarching factors: "convenience" and "the interests of justice". *See Cobrand,* 149 Md.App. at 438, 816 A.2d 117. "[T]he 'convenience' factor requires a court to review the convenience of the parties and the witnesses." *Id.* at 438 n. 5, 816 A.2d 117. "The 'interests of justice' factor requires a court to weigh both the private and public interests; the public interests being composed of 'systemic integrity and fairness.'" *Id.* (*citing Odenton,* 320 Md. at 40, 575 A.2d 1235).

■ Private interests include "[t]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *see also Johnson v. G.D. Searle & Co.,* 314 Md. 521, 526, 552 A.2d 29 (1989). On the

other hand, public interests include, among other things, considerations of court congestion, the burdens of jury duty, and local interest in the matter. *Johnson,* 314 Md. at 526, 552 A.2d 29 (quoting *Gilbert,* 330 U.S. at 508–509, 67 S.Ct. 839). "Jury duty," the Court of Appeals has stressed, "is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Id.* And, as for "local interest," that Court has observed, "[t]here is a local interest in having localized controversies decided at home." *Id.*

■■■ Although ordinarily a "proper regard for the plaintiff's choice of forum" should be given, *Leung,* 354 Md. at 224, 729 A.2d 956, "less deference" should be accorded that choice when the plaintiff is not a resident of the forum he chooses. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)("Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.") And such "deference is further mitigated if a plaintiff's choice of forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter." *Liban v. Churchey Group II, L.L.C.,* 305 F.Supp.2d 136, 142 (D.D.C.2004) (citations omitted).

We therefore conclude that, because appellant is a resident of the transferee jurisdiction, Baltimore County, his choice of Prince George's County, which "has no meaningful ties to the controversy and no particular interest in the parties or subject matter," is entitled to little deference and thus little weight when the factors for and against transfer are weighed. Offsetting whatever minimal weight is attributable to appellant's choice, under the circumstances of this case, is the fact that, in addition to being appellant's residence, Baltimore County is the place where the accident occurred.

Attempting to minimize the weight that should be accorded that factor, appellant invokes *Leung v. Nunes,* 354 Md. 217, 729 A.2d 956 (1999). Relying on *Leung,* appellant argues that considerations such as his place of residence and the site of the accident do not outweigh his choice of forum. That choice

applies, in his view, a judicial thumb to the scales, tipping it in his favor, or at least producing an "equipoise", which according to *Leung,* is all that is needed for the plaintiff to prevail. *Id.* at 229, 729 A.2d 956.

In *Leung,* three automobiles containing, respectively, residents of New Jersey, Washington, D.C., and Virginia were involved in an automobile accident in Howard County, "in the northbound lanes of Interstate 95." *Id.* at 220, 729 A.2d 956. The occupants of one of the vehicles were the plaintiffs: Mr. and Mrs. Nunes and their children, all of whom were residents of New Jersey. The occupants of the other two vehicles were the defendants: Ms. Leung, a resident of a Washington, D.C., and Mr. Commock, a resident of Virginia. *Id.* at 220, 729 A.2d 956.

The Nuneses filed a negligence action in the Circuit Court for Baltimore City against Leung and Commock and three corporate defendants that allegedly owned Commock's car. Prior to trial, the circuit court granted Leung's motion to transfer the case to Howard County, where the accident had occurred. *Id.* at 220–221, 729 A.2d 956. Following a jury verdict in favor of all defendants, the Nuneses appealed, claiming, among other things, that the circuit court had abused its discretion in granting the transfer motion. *Id.* at 222–223, 729 A.2d 956.

The Court of Appeals agreed. After restating the principle that "a motion to transfer from the forum chosen by the plaintiff should be granted only when the balance weighs strongly in favor of the moving party," the Court observed that decisions under 28 U.S.C. § 1404(a) "reflect the rather general opinion that a transfer is not sustainable solely on the ground that the transfer requested is to the place where the claim arose." *Leung,* 354 Md. at 226, 729 A.2d 956. That factor alone, the Court opined, did not "weigh strongly" in favor of transfer. Pointing out that "the only relevant contact that [Leung and the other defendants] ha[d] with Howard County is that they happened to have been passing through that county on an interstate highway when the accident oc-

curred," the Court declared that the Nuneses, as "the proponents of transfer," had "failed to meet the burden of proof." *Id.* at 225–226, 229, 729 A.2d 956.

In contrast to *Leung,* the parties to this action did not happen to collide on an interstate highway as they were passing through Baltimore County. The accident occurred on a local road in the county in which appellant resides. It is reasonable to assume that any witnesses to the accident or its aftermath either work or live in Baltimore County and that any medical treatment appellant received following the accident was rendered in that county [3]. *See Grubs v. Consolidated Freightways, Inc.,* 189 F.Supp. 404, 410 (D.C.Mont.1960)(Although "the convenience of an expert witness is entitled to little consideration . . . [t]he residence and availability of the physicians who treated plaintiff are factors to be considered, particularly . . . where a crucial issue for determination must necessarily evolve about the degree and character of the injury sustained.")

Although not raised by the Morrises or considered by the court below, we note that Towson, Baltimore County, is geographically more convenient for both parties and their potential witnesses. Appellant, as we have heretofore noted, lives in Baltimore County, and the distance the Morrises would have to travel from Felton, Pennsylvania to Towson is half the distance they would have to travel if the case had remained in the Circuit Court for Prince George's County in Upper Marlboro.

Moreover, as noted earlier, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Johnson,* 314 Md. at 526, 552 A.2d 29 (quoting *Gilbert,* 330 U.S. at 508–509, 67 S.Ct. 839). Furthermore, "[t]here is a local interest in having localized controversies decided at home." *Id.* In short, the

---

**3.** Medical records submitted by appellant after the circuit court transferred this case to Baltimore County indicate that he was treated by three Baltimore County health care providers.

people of Baltimore County have a direct interest in what occurs on Baltimore County roads; the people of Prince George's County do not. Given the substantial contacts weighing in favor of Baltimore County and the absence of all but one factor weighing in favor of Prince George's County, the circuit court's decision to transfer this case to Baltimore County did not constitute an abuse of discretion.

**ORDER AFFIRMED.**

**COSTS TO BE PAID BY THE APPELLANT.**