38 A.3d 509

**Michael A. DINAPOLI, et al.**

v.

**KENT ISLAND, LLC, et al.**

**No. 2506, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

March 1, 2012.

Reconsideration Denied April 2, 2012.

**454**

456

C. Daniel Saunders (Cristina H. Landskroener, on the brief), Chestertown, MD, for Appellant.

Mark F. Gabler (Warren K. Rich, Rich & Henderson, PC, on the brief), Easton, MD, for Appellee.

Panel: ZARNOCH, WATTS, LAWRENCE F. RODOWSKY, (Retired, Specially Assigned).

**458**

WATTS, J.

Appellants, Michael A. DiNapoli, Janet DiNapoli, Leland C. Brendsel, B. Diane Brendsel, Daniel T. Hopkins, Richard M. Markman, and Queen Anne's Conservation Association, Inc., filed an action for declaratory relief and for writs of mandamus in the Circuit Court for Queen Anne's County. The Circuit Court for Queen Anne's County granted a motion filed by appellees-Kent Island, LLC ("Kent Island"), County Commissioners of Queen Anne's County (the "County Commissioners"), Queen Anne's County Sanitary Commission (the "Sanitary Commission"), and Queen Anne's County Planning Commission (the "Planning Commission")[1]—which asked the court to transfer the case to the Circuit Court for Anne Arundel County on the grounds of improper venue and/or *forum non conveniens*. After the transfer, the Circuit Court for Anne Arundel County denied a request for recusal, and then granted summary judgment in favor of appellees. Appellants noted an appeal raising four issues,[2] which we have rephrased and consolidated as follows:

---

**1.** Of the appellees, only Kent Island filed a brief in this matter. For purposes of this opinion, we shall refer to appellees individually as needed.

**2.** Appellants phrased the issues thus:

 I. *Should summary judgment have been granted to [appellants] where the undisputed material facts established illegal contract zoning?*

 II. Where a judge, in prior litigation, signed the very settlement agreement and consent order giving rise to the instant action challenging the document as *ultra vires*, should the judge have recused himself from the present case?

 III. Must litigation concerning proposed development be conducted in the county where the property lies, the relevant ordinances have been enacted, and all of the parties reside or do business?

 IV. Where a developer and a county wish to enter into an agreement allowing the developer to develop property under laws and circumstances in effect at some particular date, and thereby prevent enforcement of stricter laws, regulations and ordinances enacted subsequent to the chosen date, does such an agreement give that developer an unfair advantage over other developers and can it only be accomplished with the public process of a development rights and responsibilities agreement?

I. Whether the circuit court abused its discretion in granting Kent Island's motion to transfer pursuant to Maryland Rule 2–327 on the grounds of improper venue and/or *forum non conveniens?*

II. Whether the circuit court abused its discretion in denying appellants' Request for Recusal?

III. Whether the circuit court erred in granting summary judgment in favor of appellees?

For the reasons set forth below, we answer the first question "yes." We shall vacate the judgment and remand the case to the Circuit Court for Anne Arundel County with instructions for the Circuit Court for Anne Arundel County to transfer the case to the Circuit Court for Queen Anne's County for a new trial. As a result of the reversal on Issue I, we shall not address Issues II and III.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves Kent Island's attempt to develop property known as "The Cloisters on Kent Island" in Stevensville, Queen Anne's County, Maryland, as a subdivision of condominium units.

### 2005 Kent Island Case

Kent Island has been involved with litigation regarding this property for numerous years. On February 23, 2005, Kent Island brought an action against the County Commissioners, Maryland Department of the Environment, and the Sanitary Commission in the Circuit Court for Anne Arundel County (hereinafter the "2005 Kent Island Case"). Kent Island sought a writ of mandamus and declaratory and injunctive relief. Kent Island sought to enforce its interpretation of State laws related to water and sewer service for the planned subdivision, and the State's oversight of the county's comprehensive water and sewer plans. The County Commissioners moved to dismiss or, in the alternative, to transfer the action from Anne Arundel County. The Circuit Court for Anne Arundel County denied the motion and ordered the action to

proceed in the ordinary course. The County Commissioners renewed the motion to transfer and, following a hearing, the Circuit Court for Anne Arundel County again denied the motion.[3] On November 5, 2007, following a two-day trial, the Circuit Court for Anne Arundel County issued an Order granting Kent Island's request for a writ of mandamus directing Queen Anne's County to grant Kent Island's property water and sewer service. The County Commissioners and the Sanitary Commission, both appellees in the present case, noted an appeal.[4]

During the pendency of the appeal, the parties entered into a settlement agreement. On March 10, 2009, the Honorable William C. Mulford, II, Judge of the Circuit Court for Anne Arundel County, signed a document titled the "Consent Order," which was jointly submitted to the court by Kent Island, the County Commissioners, and the Sanitary Commission (all appellees in this case), to resolve the litigation. In the agreement, Queen Anne's County agreed to dismiss the appeal and, among other things, Kent Island agreed to reduce the density of the approved subdivision and withdraw a claim for attorney's fees.[5]

---

**3.** In 2006, following a trial, Kent Island's case was dismissed because it failed to exhaust its administrative remedies. *Kent Island, LLC v. County Commissioners for Queen Anne's County, Maryland,* No. 1344, September Term 2006, slip op. 1, 5 (filed Aug. 17, 2007). Kent Island noted an appeal and on August 17, 2007, this Court vacated the circuit court's judgment and remanded the case for further proceedings. *Id.* at 12–13.

**4.** It is unclear from the record in the current case whether the County Commissioners appealed the denial of the transfer in the 2005 Kent Island Case.

**5.** Litigation continued in the 2005 Kent Island Case. On October 2, 2009, Kent Island filed a motion to enforce the Consent Order and a petition for constructive civil contempt against the Planning Commission, an entity made a party by court order in the 2005 Kent Island Case to the Consent Order of March 10, 2009. *Queen Anne's County Planning Commission v. Kent Island, LLC,* No. 2530, September Term 2009, slip op 1, 4 (filed July 18, 2011). The circuit court held a show cause hearing and granted the motion, directing the Planning Commission to review Kent Island's revised subdivision plat and site plan

The terms of the Consent Order were, in pertinent part, as follows:

1. *Extension of November 5, 2007 Court Order:* Kent Island has obtained ... approval prior to the deadline imposed by this Court's Order date November 5, 2007. The parties agree that Kent Island shall have until May 5, 2014 (five years from the deadline imposed by this Court's Order dated November 5, 2007) to obtain final site plan and final unconditional subdivision approval for a 240 unit subdivision as provided herein under the laws and circumstances in effect as of November 18, 2003. All other aspects of this Court's November 5, 2007 Order shall remain in effect.

2. *Reduction of Density:* Within one hundred twenty (120) days following the execution of this Consent Order by the Court, Kent Island shall submit a revised final site plan and a revised final subdivision plat for review and approval by the Queen Anne's Planning Commission reducing the density of the proposed Cloisters on Kent Island subdivision from 273 condominium units to 240 condominium units ... All other aspects of the ... plans which were approved by the Planning Commission on November 13, 2008 shall be the same and the Planning Commission shall review the revised final site plan and revised final subdivision plat in accordance with the same criteria and standards that applied to the plans that were approved on November 13, 2008.

\* \* \*

Kent Island shall have until May 5, 2014 to satisfy conditions imposed by the Planning Commission and shall not be required to obtain an extension from the Planning Commission to extend its deadline for compliance to May 5, 2014.

3. *Public Works Agreement:* Within ninety (90) days after approval of Kent Island's revised final subdivision plat with conditions and revised final site plan from the Planning Commission showing 240 units, Kent Island and [the County

according to the terms of the Consent Order. *Id.* at 4–5. The Planning Commission noted an appeal. *Id.* at 5. On review, this Court affirmed the judgment of the circuit court. *Id.* at 11.

Commissioners and the Sanitary Commission] shall execute a Public Works Agreement which shall ... provide, among other things, a schedule for the start and completion of all site improvements. The Public Works Agreement shall also provide that Kent Island shall pay the costs of its water and sewer allocation and shall post its infrastructure bonds prior to May 5, 2014 as conditions to the signing of its revised final site plan and revised final subdivision plat by the Planning Commission.

\* \* \*

A specific schedule of construction will be negotiated between Kent Island and the Queen Anne's County Department of Public Works that defines each phase and the site improvements that will be constructed for each phase and shall be included in the Public Works Agreement.

\* \* \*

5. The Parties agree and the Court hereby orders that any actions taken by Queen Anne's County to modify its subdivision requirements, zoning or planning laws, ordinances or regulations will not impact the status of Kent Island's approvals and that there will be no impediment provided by Queen Anne's County to the ultimate development and completion of a 240 condominium unit age restricted development on parcel 279 provided that Kent Island satisfies the requirements of this Consent Order.

\* \* \*

8. *Dismissal of Appeal:* Within ten (10) days of the execution of this Consent Order by this Court, [the County Commissioners and the Sanitary Commission] shall dismiss its appeal of this Court's November 5, 2007 Order.

9. This Consent Order shall be binding upon each of the parties' successors and assigns and shall be binding upon Queen Anne's County and all of its agencies and departments.

## Present Case

In this case, appellants Hopkins, Markman, Michael A. DiNapoli, Jane DiNapoli, Leland C. Brendsel, and B. Diane Brendsel brought suit as residents and taxpayers of Queen Anne's County. Appellant Queen Anne's Conservation Association, Inc. brought suit as a "Maryland corporation concerned with issues raised in th[e] action." On December 17, 2009, appellants filed a Complaint for Declaratory Judgment against appellees in the Circuit Court for Queen Anne's County, seeking a determination that the Consent Order dated March 10, 2009, is null and void. On February 8, 2010, appellants filed an Amended Complaint in the Circuit Court for Queen Anne's County, seeking declaratory relief as well as writs of mandamus.

In the Amended Complaint, appellants alleged that the Consent Order in the 2005 Kent Island Case is null and void because it is (1) an illegal zoning contract, (2) an unlawful attempt to create a Development Rights and Responsibilities Agreement, and (3) a denial of appellants' Equal Protection rights. Appellants claimed, among other things, that the Consent Order "confers a special privilege and effectively re-zones one property, which renders it a special law." Appellants requested a writ of mandamus ordering the County Commissioners to cease all performance under the Consent Order.

## Motion to Transfer

On January 22, 2010, Kent Island filed a Motion to Dismiss Pursuant to Maryland Rule 2–322 and in the Alternative Motion to Transfer Pursuant to Maryland Rule 2–327. Kent Island sought dismissal "on the grounds that the Queen Anne's County Circuit Court is not empowered to overturn a Consent Order entered by the Circuit Court for Anne Arundel County[,] and that Queen Anne's County is an improper venue for requesting such relief."

In the alternative, Kent Island requested that the case be transferred to Anne Arundel County "where the Consent

Order was entered and where the litigation that led to the entry of the Consent Order occurred." Kent Island contended that the long litigation history warranted transfer to the Circuit Court for Anne Arundel County and that venue was improper in Queen Anne's County. According to Kent Island, bringing the case in the Circuit Court for Queen Anne's County "will create the possibility of conflicting and inconsistent decisions." Kent Island argued that the Circuit Court for Anne Arundel County, "as the court that approved and entered the Consent Order and as the court that presided over the litigation that led to the entry of Consent Order is well-suited to address the current lawsuit which is simply a belated, collateral challenge to the validity of the Consent Order and inherently, a challenge to the decision rendered by the Circuit Court for Anne Arundel County on November 5, 2007."

On February 8, 2010, appellants filed an "answer" to the motion, in which they responded that the Circuit Court for Queen Anne's County was "the appropriate forum for determination of the legality and therefore the enforceability of the [Consent Order]." Appellants contended that the case was "properly b[r]ought in Queen Anne's County" as "Queen Anne's County is where the land which is the subject of the litigation is located, the Commissioners perform their duties and where [Kent Island] has contact with the State." According to appellants, "[t]here is no venue which is more appropriate than Queen Anne's County[,]" and the "notion that th[e] action should be removed to Anne Arundel County because a prior action was [ ] tried there is unsupportable."

On February 12, 2010, without a hearing, the Circuit Court for Queen Anne's County issued an Order granting Kent Island's Motion to Transfer and ordered that the action be "TRANSFERRED TO THE ANNE ARUNDEL COUNTY CIRCUIT COURT." The circuit court gave no reason for the transfer. On February 19, 2010, the case was transferred to the Circuit Court for Anne Arundel County.

### Request for Recusal

On April 5, 2010, appellants filed a request for recusal in the Circuit Court for Anne Arundel County seeking the disqualifi-

cation of Judge Mulford. Appellants contended that Judge Mulford, the judge who signed the Consent Order in the 2005 Kent Island Case, would "be inherently and personally biased and inclined to ratify and uphold that agreement[.]" On April 8, 2010, Kent Island filed a response to request for recusal. Kent Island argued that the "fact that Judge Mulford presided over the underlying litigation and signed the Consent Order that [appellants] are attempting to overturn is not a ground for mandatory or discretionary recusal." On June 30, 2010, following a hearing, Judge Mulford denied the request for recusal.

## Motions for Summary Judgment

On April 1, 2010, Kent Island filed a Motion for Summary Judgment in the Circuit Court for Anne Arundel County. On May 3, 2010, appellants filed a Motion for Summary Judgment and a Response to Kent Island's Motion for Summary Judgment. On June 1, 2010, Kent Island filed an Opposition to appellants' Motion for Summary Judgment and a Reply to appellants' Response. On August 30, 2010, the circuit court held a hearing on the motions for summary judgment.

On December 8, 2010, the circuit court issued a Memorandum Opinion and Order denying appellants' Motion for Summary Judgment and granting Kent Island's Motion for Summary Judgment, ending the case against all appellees. On January 5, 2011, appellants noted this appeal.

## DISCUSSION

### A. Contentions

Appellants contend that the circuit court abused its discretion in granting Kent Island's motion to transfer to the Circuit Court for Anne Arundel County because "litigation concerning [the] proposed development [the Cloisters] must be conducted in the county where the property lies, the relevant ordinances have been enacted, and all of the parties reside or do business." Appellants argue that there was "no justification under the law for bringing the action anywhere other than Queen

Anne's County." Appellants maintain that the Circuit Court for Queen Anne's County improperly transferred the case to Anne Arundel County as venue was "appropriate" only in Queen Anne's County.

Kent Island responds that the "grant of a motion to transfer is an immediately appealable final judgment[.]" Kent Island argues that because appellants did not appeal the Order transferring the case to the Circuit Court for Anne Arundel County within thirty days after entry of the Order, appellants "have waived the[ ] right to challenge the transfer."

## B. Standard of Review

"Maryland law is clear that it is error, and therefore an abuse of discretion, for a circuit court to transfer a case to another circuit court that does not have venue. As the rules make plain, a transfer for improper venue or based on forum *non conveniens* ... must be made to a court in which the action being transferred 'could have been brought,' in the case of improper venue, or 'might have been brought,' in the case of convenience[.]" *Sigurdsson v. Nodeen*, 180 Md.App. 326, 341, 950 A.2d 848 (2008), *aff'd*, 408 Md. 167, 968 A.2d 1075 (2009). "An abuse of discretion is said to occur where no reasonable person would take the view adopted by the trial court, or when the court acts without reference to any guiding rules or principles. Accordingly, when reviewing a motion to transfer, a reviewing court should be reluctant to substitute its judgment for that of the trial court." *Cobrand v. Adventist Healthcare, Inc.*, 149 Md.App. 431, 437, 816 A.2d 117 (2003) (internal quotations and citations omitted).

## C. Relevant Law

### 1. Venue

Maryland's general venue statute, Md.Code Ann., Courts and Judicial Proceedings Art. ("CJP") § 6–201 provides as follows:

(a) Civil actions.—Subject to the provisions of §§ 6–202 [6] and 6–203 [7] of this subtitle and unless otherwise provided by law, a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation. In addition, a corporation also may be sued where it maintains its principal offices in the State.

(b) Multiple defendants.—If there is more than one defendant, and there is no single venue applicable to all defendants, under subsection (a), all may be sued in a county in which any one of them could be sued, or in the county where the cause of action arose.

 Venue is a different and separate concept from jurisdiction. " 'Jurisdiction' refers to the fundamental power of a court to decide a dispute, by virtue of the nature of the dispute (subject matter jurisdiction) and the connection between the defendant and the state (personal jurisdiction)." *Sigurdsson,* 180 Md.App. at 342, 950 A.2d 848; *see also Thacker v. Hale,* 146 Md.App. 203, 224, 806 A.2d 751, *cert. denied,* 372 Md. 132, 812 A.2d 288 (2002) ("[J]urisdiction refers to two quite distinct concepts: (i) the *power* of a court to render a valid decree, and (ii) the *propriety* of granting the relief sought.") (emphasis in original). In Maryland, circuit courts are trial courts of general jurisdiction. CJP § 1–501 outlines the general jurisdiction and powers of the circuit courts as follows:

The circuit courts are the highest common-law and equity courts of record exercising original jurisdiction within the State. Each has full common-law and equity powers and

---

6. CJP § 6–202, entitled "Additional venue permitted," provides that "[i]n addition to the venue provided in § 6–201 or § 6–203," certain actions may be brought in additional counties outlined in the statute. None of the actions listed in CJP § 6–202 are applicable to this case and neither appellants nor appellees have argued such.

7. CJP § 6–203, entitled "Exceptions to general rule," provides that "[t]he general rule of § 6–201 of this subtitle does not apply to actions enumerated in this section." None of the actions listed in CJP § 6–203 are applicable to this case and neither appellants nor appellees have argued such.

jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, except where by law jurisdiction has been limited or conferred exclusively upon another tribunal.

The circuit courts also have jurisdiction over declaratory judgment and mandamus actions. *See* CJP § 3–403(a) ("Except for the District Court, a court of record within its jurisdiction may declare rights, status, and other legal relations whether or not further relief is or could be claimed."); CJP § 3–8B–01 ("A court of law has jurisdiction in an action for mandamus.").

 Venue, on the other hand, "does not concern the power of a court to decide an issue. It concerns the place, among courts having jurisdiction, that an action will be litigated." *Sigurdsson,* 180 Md.App. at 343, 950 A.2d 848 (citation omitted). A determination of proper venue for an action is made "as of the time the action is filed." *Id.* If the defendant in a civil case believes that the plaintiff's choice of venue is improper, then the defendant "bears the burden of proving that venue is improper. To meet the burden of proving improper venue, the defendant must do more than merely raise a bare allegation that venue was improper, unsupported by affidavit or evidence." *Lampros v. Gelb & Gelb, P.C.,* 153 Md.App. 447, 452, 837 A.2d 229 (2003) (internal citations and quotations omitted).

Md. Rule 2–327(b) provides that "[i]f a court sustains a defense of improper venue but determines that in the interest of justice the action should not be dismissed, it may transfer the action to any county in which it could have been brought." The trial court, in finding that the defense of improper venue is valid, can, therefore, either dismiss the case or transfer the action to another county where "it could have been brought." *Id.*

## 2. *Forum Non Conveniens*

 In contrast, Md. Rule 2–327(c), provides that "[o]n motion of any party, the court may transfer any action to any

other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice." In reviewing a motion to transfer under Md. Rule 2–327(c), a plaintiff's choice of forum must be given "proper regard," and the plaintiff's choice will not be "altered solely because it is more convenient for the moving party to be in another forum." *Leung v. Nunes,* 354 Md. 217, 224, 729 A.2d 956 (1999) (citations and quotations omitted). A motion to transfer may only be granted when the balance between two factors—convenience of the parties and witnesses and the interests of justice—weighs strongly in favor of the moving party. *Odenton Dev. Co. v. Lamy,* 320 Md. 33, 40, 575 A.2d 1235 (1990) (citations omitted). The party who moves to transfer an action under Md. Rule 2–327(c) bears the burden of proving that transferring the action is more convenient and better serves the interests of justice. *Id.* (citations omitted).

The convenience factor consists of the convenience of the parties and witnesses. *Stidham v. Morris,* 161 Md.App. 562, 568, 870 A.2d 1285 (2005). This Court's review of the convenience of the parties and non-expert witnesses previously focused on where the parties and witnesses lived and worked in relation to the circuit court. *Payton–Henderson v. Evans,* 180 Md.App. 267, 289–91, 949 A.2d 654 (2008). The interests of justice factor requires a court to weigh both private and public interests. *Stidham,* 161 Md.App. at 568, 870 A.2d 1285. Private interests of justice "concern[ ] the efficacy of the trial process itself." *Payton–Henderson,* 180 Md.App. at 292, 949 A.2d 654. Private interests of justice include: (1) "the relative ease of access to sources of proof"; (2) "availability of compulsory process for attendance of unwilling" witnesses; (3) "the cost of obtaining attendance of willing witnesses"; (4) possibility to view the premises that is the subject of the action or where the incident occurred, if a view would be appropriate to the action; and (5) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Stidham,* 161 Md.App. at 568, 870 A.2d 1285 (citations omitted). Public interests of justice, on the other hand, address "broad citizen

concerns," including: (1) considerations of court congestion; (2) the burden of jury duty; and (3) local interest in the matter at hand. *Payton–Henderson,* 180 Md.App. at 293, 949 A.2d 654; *Stidham,* 161 Md.App. at 569, 870 A.2d 1285 (citations omitted).

### 3. Appealability

■ If the trial court grants a motion under either Md. Rule 2–327(b) or (c) and transfers the action to another county, that ruling is "an immediately appealable final judgment, whereas the denial of such a motion is not." *Cobrand,* 149 Md.App. at 437, 816 A.2d 117 (citation omitted). The transfer order effectively "terminat[es] the litigation in the transferring court[.]" *Brewster v. Woodhaven Bldg. & Dev., Inc.,* 360 Md. 602, 615–16, 759 A.2d 738 (2000). In *Brewster,* 360 Md. at 617–18, 759 A.2d 738, the Court of Appeals discussed the timing of such an appeal as follows:

> Our holding that an order granting a transfer of venue from one circuit court to another is immediately appealable permits the party who opposed the order either to file an appeal from the order within 30 days of its entry, or to wait until the litigation has been completed in the transferee court and appeal from that court's final judgment on the ground that the case should not have been transferred. A decision to forego the immediate appeal does not prevent a party from raising the propriety of the transfer in the later appeal.

(Footnotes omitted). A party has a choice, therefore, to appeal the grant of a motion to transfer either within thirty days after entry of the transfer order or within thirty days after the transferee court's final judgment. *Id.; see* CJP § 12–301 ("Except as provided in § 12–302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law."); Md. Rule 8–202(a) ("Except as otherwise provided in

this Rule or by law, the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken.").

## D. Analysis

### 1. Preservation and Timing of Appeal

A review of the record reflects that the Circuit Court for Queen Anne's County granted transfer of the case on February 12, 2010, and that appellants filed a notice of appeal on January 5, 2011, within thirty days of December 8, 2010, the date on which the Circuit Court for Anne Arundel County issued an order granting summary judgment in favor of appellees. "A decision to forego the immediate appeal does not prevent a party from raising the propriety of the transfer in the later appeal[,]" filed timely after final judgment. *Brewster*, 360 Md. at 618, 759 A.2d 738. In this case, by foregoing an immediate appeal, contrary to Kent Island's contention, appellants have not waived the right to challenge the transfer to the Circuit Court for Anne Arundel County.

### 2. Venue

The general rule for venue dictates that a civil action "shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation." CJP § 6–201(a). In civil actions where there is more than one defendant and "no single venue is applicable to all of the defendants," then "all may be sued in a county in which any one of them could be sued, or in the county where the cause of action arose." CJP § 6–201(b). It is evident from the record that, in this case, one venue is applicable to all defendants-the Circuit Court for Queen Anne's County. The County Commissioners, Sanitary Commission, and the Planning Commission, as entities of Queen Anne's County, are "residents" of the county and each necessarily conducts regular business in Queen Anne's County. Kent Island carries on regular business in Queen Anne's County by owning and developing land in the county. As

such, at the time appellants brought the civil action, under CJP § 6–201(a), venue was proper in Queen Anne's County.

It is equally evident, as conceded by Kent Island at oral argument, that CJP §§ 6–201, 6–202, and 6–203 do not provide for venue in Anne Arundel County. In the motion to dismiss or transfer, Kent Island argued simply that prior litigation in the 2005 Kent Island Case was conducted in Anne Arundel County, mandating transfer of the case to that county because that is "where the Consent Order was entered and where the litigation that led to the entry of the Consent Order occurred." [8] Nothing in the venue statutes, CJP §§ 6–201, 6–202, and 6–203, indicates the location of prior litigation is a factor that governs, or is dispositive of, venue. The Circuit Court for Queen Anne's County abused its discretion in transferring the case to another circuit court—the Circuit Court for Anne Arundel County—when that circuit court did not have venue. *Sigurdsson,* 180 Md.App. at 341, 950 A.2d 848; Md. Rule 2–327(b) (The circuit court "may transfer the action to any county in which it **could have been** brought.") (emphasis added).

### 3. Subject Matter Jurisdiction

To the extent that in the motion to dismiss or transfer, Kent Island raised the issue of a lack of subject matter jurisdiction, by arguing that the Circuit Court for Queen Anne's County was "not empowered to overturn a Consent Order entered by the Circuit Court for Anne Arundel County," we shall address the matter. Preliminarily, we note Kent Island failed to provide any relevant statutory or case law in the circuit court or before this Court substantiating the contention.

---

8. At oral argument, the parties agreed that venue in the 2005 Kent Island Case was proper in Anne Arundel County as the Maryland Department of Environment, a party to that case, carries on regular business throughout the State, including Anne Arundel County. That issue is not before us because the Maryland Department of Environment is not—and has not been—a party to the present case.

In the 2005 Kent Island Case, the Circuit Court for Anne Arundel County signed a Consent Order which was in essence a settlement agreement of the parties. The parties jointly submitted the document after agreeing to its terms. The signature line states that the attorneys for Kent Island, the County Commissioners, and the Sanitary Commission "agreed and consented to" the terms set forth therein. The Circuit Court for Anne Arundel County resolved no conflict in the case, and took no evidence or heard argument upon which it resolved a contested issue. At the time that the parties entered into the Consent Order, an appeal of the Circuit Court for Anne Arundel County's grant of the writ of mandamus was pending in this Court, thereby divesting the circuit court of jurisdiction. *See Vancherie v. Siperly*, 243 Md. 366, 375, 221 A.2d 356 (1966) ("[A]n appeal having been entered, the lower court lacked jurisdiction to take any further action in the case with respect to the subject matter of the appeal until the receipt of the mandate from this Court after the appeal had been heard and decided. This is so because the perfection of the appeal brought the subject matter of the appeal within the exclusive jurisdiction of this Court and suspended the authority of the lower court over it during the pendency of the appeal.").

Aside from the pendency of the appeal, in this case, appellants brought a civil action asking for declaratory relief as well as writs of mandamus involving property located in Queen Anne's County. Circuit courts, as trial courts of general jurisdiction, have "full common-law and equity powers and jurisdiction in all civil and criminal cases within its county[.]" CJP § 1–501. Circuit courts also have jurisdiction in declaratory judgment and mandamus actions. CJP §§ 3–403(a), 3–8B–01. Simply because the action and requested relief involved review of a settlement agreement, memorialized in a Consent Order signed by a judge from another circuit court, did not deprive the Circuit Court for Queen Anne's County of general jurisdiction under CJP § 1–501.

Kent Island takes issue with the fact that the Circuit Court for Queen Anne's County was asked to review an order

entered by another circuit court. As explained above, the order was simply a settlement agreement—the parties crafted their own terms and Judge Mulford, by signing the agreement, did not order the parties to do anything that they had not agreed to do. Circuit courts regularly review, modify, and enforce orders, settlement agreements, and decisions from other circuit courts. *See, e.g., Nace v. Miller*, 201 Md.App. 54, 69–71, 28 A.3d 737, *cert. denied*, 424 Md. 56, 33 A.3d 982 (2011) (We held that the Circuit Court for Montgomery County, as a transferee court, could properly review a motion for re-transfer as if the transfer issue had never been decided by the Circuit Court for Prince George's County, the transferor court, and order transfer back to the transferor court.); *Sigurdsson*, 180 Md.App. at 345, 950 A.2d 848 ("[O]nce a final custody order has been issued by a court, an application to modify custody may be made in that same court, by motion, or in another court having jurisdiction and venue, by bringing a new custody action."). We are not persuaded by the contention that the Circuit Court for Anne Arundel County's signing of the Consent Order was sufficient to divest Queen Anne's County of subject matter jurisdiction, or to confer venue in Anne Arundel County.

### 4. *Forum Non Conveniens*

Md..Rule 2–327(c) provides that a "court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice." In the motion to transfer, Kent Island contended merely that transfer to the Circuit Court for Anne Arundel County was appropriate because that was the county "where the Consent Order was entered and where the litigation that led to the entry of the Consent Order occurred." It is evident that venue was not proper in Anne Arundel County, so the action could not have been brought there. *See* CJP § 6–201(a). A review of the record reveals that Kent Island also failed to meet the burden of demonstrating that transfer of the action from the Circuit Court for Queen Anne's County to the Circuit

Court for Anne Arundel County was warranted under Md. Rule 2–327(c). *See Odenton Dev. Co.,* 320 Md. at 40, 575 A.2d 1235.

 Under Md. Rule 2–327(c), the convenience component requires that a court consider the convenience of the parties and witnesses, and that the court's consideration focus on where the parties and the witnesses live and work in relation to the court. *Payton–Henderson,* 180 Md.App. at 289–91, 949 A.2d 654; *Stidham,* 161 Md.App. at 568, 870 A.2d 1285. The record is devoid of any indication that the circuit court undertook such a review or that Kent Island presented any evidence that the convenience factor required transfer of the case. Indeed, even a cursory review of the record reveals that the convenience of the parties factor would weigh strongly in favor of keeping the case in Queen Anne's County, as that is the county where appellants and appellees reside and carry on regular business.

The interests of justice component requires a court to weigh both private and public interests. *Stidham,* 161 Md.App. at 568, 870 A.2d 1285 (citations omitted). The record is devoid of any indication that the circuit court undertook this review, or that Kent Island presented any evidence that transfer of the case would better serve the interests of justice. None of the private or public interests of justice factors previously outlined by this Court in *Stidham* indicate that the location of prior litigation involving the parties is a factor to be considered. 161 Md.App. at 568–69, 870 A.2d 1285. Indeed, in this case, appellants were not parties to the prior case and had no contact with the Circuit Court for Anne Arundel County involving the matter.

A review of the private and public interests of justice factors demonstrates that the factors weigh in favor of the case remaining in Queen Anne's County. For example, local interest in the matter weighs strongly in favor of keeping the case in Queen Anne's County as the case involves citizens and entities of Queen Anne's County as parties, and the core issue of the case involves whether Kent Island can develop a

subdivision in Queen Anne's County. Without any indication that venue was proper in Anne Arundel County or that Kent Island presented, or the Circuit Court for Queen Anne's County considered, evidence of the convenience of the parties and witnesses and private and public interests of justice as factors weighing in favor of transfer, it was an abuse of discretion for the Circuit Court for Queen Anne's County to grant the motion to transfer under Md. Rule 2–327(c).

### 5. Remedy

 Where a circuit court abuses its discretion and improperly transfers a case, we must determine the appropriate remedy. We are guided by the decision of the Court of Appeals in *Leung*, 354 Md. at 233–34, 729 A.2d 956, in which the Court concluded as follows:

> The federal mandamus cases implicitly recognize that there is prejudice in plaintiffs' being required to try their cases in forums to which they have been erroneously transferred; otherwise there would be no purpose in proclaiming and preserving the power to rectify by mandamus a true abuse of discretion before final judgment.
>
> . . .
>
> Here, we have held . . . that the transfer was an abuse of discretion. The [plaintiffs] seek their remedy after final judgment was entered in the wrong forum. Although the time spent by the [plaintiffs] in the wrong forum, over their repeated objections, cannot be restored, the remedy is a new trial[.]

(Citations and footnote omitted). *See also LeCronier v. UPS*, 196 Md.App. 131, 145, 7 A.3d 1106 (2010) ("The motions court in the Circuit Court for Baltimore City erred in granting appellee's motion to transfer Mr. LeCronier's petition for judicial review to Anne Arundel County. We will vacate the judgment of the circuit court and remand this case to it with instructions to transfer the case to the Circuit Court for Baltimore City for a new trial.") (citation omitted).

Applying the principles discussed above, the appropriate remedy is to vacate judgment and remand to the Circuit Court for Anne Arundel County with instructions for the Circuit Court for Anne Arundel County to transfer the case to the Circuit Court for Queen Anne's County for a new trial.[9]

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY VACATED AND THE CASE REMANDED WITH INSTRUCTIONS FOR THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY TO TRANSFER THE CASE TO THE CIRCUIT COURT FOR QUEEN ANNE'S COUNTY FOR A NEW TRIAL. COSTS TO BE PAID BY APPELLEES.**

---

9. Kent Island raised the issue of standing before this Court in response to appellants' brief. The Circuit Court for Anne Arundel County ruled that the issue of standing was moot. Kent Island has not brought a cross-appeal on the issue. Under the circumstances, we exercise our discretion to decline to address the issue. Nothing within this opinion, however, precludes Kent Island, or any other party, from raising the issue of standing on remand.