Dissenting Opinion by Adkins, J., which Barbera, C.J. and McDonald, J., join. The Majority’s holding today has undermined the long-held recognition of a plaintiffs right to choose a venue. Maryland Rule 2-327(c) permits transfer of an action from one circuit court to another if the transfer “is for the convenience of the parties and witnesses and serves the interests of justice.” Cases from this Court considering the propriety of a change in venue have required that convenience and justice must strongly favor transfer. Leung v. Nunes, 354 Md. 217, 224, 729 A.2d 956 (1999). Most respectfully, I dissent because I cannot conclude that the convenience of the parties and witnesses, or the interests of justice strongly favor transfer of Kerrigan’s suit. I would affirm the Court of Special Appeals’ holding that the trial court abused its discretion by transferring the case from Baltimore City to Talbot County. Deference to a Plaintiffs Choice of Venue I do not agree that a plaintiffs choice of venue deserves any less deference when plaintiffs choose to sue in a county where they do not live. The Majority cites Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), for the proposition that, in a forum non conveniens analysis, a foreign plaintiffs choice of venue deserves less deference than a plaintiff suing in his or her home court. The facts of Piper, not included in the Majority’s opinion, differ greatly from the facts in the present appeal. Piper involved a plane crash in Scotland. Id. at 238-39, 102 S.Ct. 252. Five passengers and the pilot perished in the crash. All of decedents were Scottish subjects as were their heirs and next of kin. The personal representative of the decedents’ collective estates, a California resident, sued Piper Aircraft and a propeller manufacturer in the United States. Id. at 239-40, 102 S.Ct. 252. On these facts, the Supreme Court determined that the district court properly dismissed on forum non conveniens grounds and concluded that the case should be tried in Scotland. Id. at 238, 102 S.Ct. 252. Surely, Piper differs from this appeal. First, the Supreme Court held the action was properly dismissed. The Court concluded that the plaintiffs could not bring their case anywhere in the United States. Id. at 261, 102 S.Ct. 252. Here, the parties do not dispute whether Kerrigan can bring suit in Baltimore City. Furthermore, whereas all the Piper plaintiffs lived in Scotland and the suit had only minor ties to the United States, all the Baltimore defendants’ allegedly negligent conduct occurred in Baltimore and most, if not all, of Kerrigan’s damages witnesses are in Baltimore. For these reasons, I cannot agree that Piper applies to Kerrigan’s appeal.[1] This Court in Leung, in dicta, noted Piper merely for the principle of attributing less deference to a foreign plaintiffs choice of venue. 354 Md. at 228-29, 729 A.2d 956. The Majority relies on Leung’s citation to Piper to diminish Kerrigan’s choice of venue. But in Leung, this Court reversed a trial court’s transfer on forum non conveniens grounds and allowed the plaintiffs to choose a venue. Id. at 229, 729 A.2d 956. The plaintiffs in Leung were New Jersey residents passing through Maryland on Interstate 95. Id. at 220, 729 A.2d 956. While on a portion of 1-95 in Howard County, the plaintiffs were injured in a crash. Several vehicles were involved in the wreck. The plaintiffs sued five defendants. Both of the individual defendants lived out of state. Of the three corporate defendants, only two had registered agents in Maryland—one in Prince George’s County and another in Baltimore. Id. The plaintiffs filed their suit in the Circuit Court for Baltimore City but the defendants moved to transfer venue to Howard County. Id. at 221, 729 A.2d 956. The trial court granted the motion and transferred the case to Howard County. Id. Even though the accident occurred in Howard County and only one defendant had a registered agent in Baltimore City, we reversed the transfer. Id. at 229, 729 A.2d 956. The Court specifically rejected the defendants’ argument that Piper’s less deferential standard should have permitted the transfer. Id. at 228, 729 A.2d 956. Because we have not adopted a less deferential standard for “foreign” plaintiffs, we should apply our normal Rule 2-327(c) standard: that the plaintiffs may choose their venue unless the convenience of the parties and witnesses or the interests of justice strongly favor transfer. Under this test, I would hold the trial judge abused his discretion by concluding that both convenience and the interests of justice weighed strongly in favor of transfer.[2] Convenience A trial court’s convenience analysis should focus on the convenience of both the witnesses and the parties. But mere added convenience cannot compel a transfer. Commentators have noted, and we have recognized, that trial courts must give due deference to a plaintiffs selection of venue and that selection should not be disturbed merely because it is more convenient for a moving party to be in another court. See Leung, 354 Md. at 225, 729 A.2d 956 (citing Paul V. Niemeyer, Linda M. Schuett & Joyce E. Smithey, Maryland Rules Commentary 303 (4th ed. 2014)). I do not agree that the convenience of the parties and witnesses strongly favors transfer to Talbot County. In Odenton Dev. Co. v. Lamy, 320 Md. 33, 41-42, 575 A.2d 1235 (1990), this Court approved a transfer against the plaintiffs wishes due to limited connection with the chosen venue. The plaintiff, an Anne Arundel County resident, slipped and fell while traversing a snow covered-sidewalk outside of a grocery store in Anne Arundel County. Id. at 36, 575 A.2d 1235. She brought suit in Baltimore City against the property owner, Odenton Development Co., which had a registered agent in Baltimore. Id. at 37, 575 A.2d 1235. The Court concluded that the trial court properly transferred the case from Baltimore City to Anne Arundel County. Convenience strongly weighed in favor of transfer to Anne Arundel County because the accident occurred there and it was reasonable to assume that all of the witnesses either lived or worked in Anne Arundel County. Id. at 41, 575 A.2d 1235. In Urquhart v. Simmons, 339 Md. 1, 18-19, 660 A.2d 412 (1995), we rejected a plaintiffs choice of venue and approved a transfer on convenience grounds. The plaintiff sued in Prince George’s County despite the suit’s scant connections to that county. Id. at 3-5, 660 A.2d 412. Though the plaintiffs decedent died in Prince George’s County and the defendants maintained offices there, all of the allegedly negligent conduct occurred in Montgomery County. Id. at 1-4, 660 A.2d 412. We approved the transfer to Montgomery County on convenience grounds because “each of the individual defendants was a resident of Montgomery County.... [and] the relevant medical care and treatment received by [the decedent] took place in Montgomery County.” Id. at 18, 660 A.2d 412. In Urquhart, the Court never relied on or even mentioned Piper’s principle that a plaintiffs choice receives less deference when suing in a “foreign” venue. Perhaps the Court recognized that the unique factual background of Piper rendered it inapplicable when parties dispute merely which Maryland circuit court should hear a case. Kerrigan has a significant connection with his chosen forum. Two of the allegedly negligent doctors work in Baltimore, Kerrigan’s entire heart transplant team works in Baltimore, and several medical professionals treated him in Baltimore during his many months in recovery. During his treatment and recovery, Kerrigan and his family made dozens of trips into Baltimore City. These connections are far more tangible than either the Odenton plaintiff—who only sued in Baltimore City because a defendant’s resident agent was present there— or the Urquhart plaintiff—who sued in Prince George’s County despite the fact that the decedent never received any allegedly negligent medical treatment in that county. Furthermore, the trial court did not properly weigh the convenience of the parties because it used Kerrigan’s residence as a factor against his choice of venue. Relying on Odenton, we stated in Urquhart that the plaintiffs choice of forum is not a “factor” for consideration in a forum non conveniens analysis. Rather, the plaintiffs right to choose a forum is the reason why a trial court should transfer only when “the balance weighs strongly in favor of the moving party.” Urquhart, 339 Md. at 18 n.7, 660 A.2d 412 (quoting Odenton, 320 Md. at 40, 576 A.2d 1235). When plaintiffs select a venue, they presumably make determinations of convenience for themselves. A trial court should not ignore the plaintiffs choice when weighing convenience. Three defendants in this case hail from Baltimore City. Yet the trial court took no issue with these same Baltimore defendants moving to transfer the case out of their home locale. We ought to look skeptically upon a trial court’s decision to use a plaintiffs residence against him while not weighing the movant’s desire to transfer in the same manner. Interests of Justice Maryland Rule 2-327(c) requires that both the convenience of the parties and witnesses and the interest of justice favor transfer. Because I would find that a weighing of the convenience of the parties and witnesses does not strongly favor transfer, I could end my dissent. I continue to write separately because the trial court further erred by concluding that the “interests of justice” strongly favored transfer. This Court has outlined relevant factors to consider in an “interest of justice” analysis. See Johnson v. G.D. Searle & Co., 314 Md. 521, 525-26, 552 A.2d 29 (1989). The interests of justice can be divided into private interests and public interests. Id. Private interest factors include: The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Stidham v. Morris, 161 Md.App. 562, 568, 870 A.2d 1285 (2005) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), superseded by statute on other grounds, 28 U.S.C. § 1404 (2012) as recognized in Johnson v. G.D. Searle & Co., 314 Md. 521, 526-27, 552 A.2d 29 (1989)). Here, the trial court concluded that the private interest factors did not weigh in favor of trial in either Baltimore City or Talbot County. I agree. Much of the evidence relevant to the alleged negligence exists both in Baltimore City and Talbot County. Many of the proffered witnesses also live or work in both places. Given that evidence and witnesses are in both locations, it seems very likely that trial in either venue would demand the same time and costs from the parties. Our interest of justice inquiry also requires consideration of public interests. These interests include “among other things, considerations of court congestion, the burdens of jury duty, and local interest in the matter.” Id. at 569, 870 A.2d 1285 (citing Johnson, 314 Md. at 526, 552 A.2d 29). Regarding court congestion and the burdens of jury duty in each venue, I agree with the Majority and cannot conclude that the trial court erred in determining that these factors favored transfer. The Majority also approves of the trial court’s conclusion that Talbot County has a greater local interest in Kerrigan’s suit. The Majority explains only that the trial court found the defendants’ argument more persuasive on this point. Further inspection of the trial court’s reasoning leads me to disagree. The trial court explained that: I was persuaded by the defense argument noting that the sole institution in Talbot County providing medical care is a party defendant in the case. So compare that to Baltimore City where there are several large medical institutions. The Court does find that there is a significantly stronger interest in Talbot County in the handling of this matter, the outcome of this matter than in Baltimore City. The trial court concluded that, merely because Talbot County has only one hospital, the citizens of Talbot County have a greater interest in deciding Kerrigan’s case. The Majority determined that “the hearing judge acted reasonably in considering the public’s interest in the health care provided to its communities.” Maj. Op. at 419, 174 A.3d at 367. I struggle to find a line of reasoning to support this conclusion. Maryland courts have only briefly discussed the “locality” factor of the public interests. Specifically, we have said “there is a local interest in having localized controversies decided at home.” Johnson, 314 Md. at 526, 552 A.2d 29 (quoting Gilbert, 330 U.S. at 508, 67 S.Ct. 839); see also Stidham, 161 Md.App. at 571-72, 870 A.2d 1285. Although this Court in Johnson did not weigh the local interest factor, the Court of Special Appeals in Stidham did. There, the intermediate appellate court considered whether a plaintiff could bring suit in Prince George’s County after a car accident in Baltimore County. Reasoning that the trial court properly transferred the action to Baltimore County, the Court explained “the people of Baltimore County have a direct interest in what occurs on Baltimore County roads; the people of Prince George’s County do not.” Stidham, 161 Md.App. at 571-72, 870 A.2d 1285; see also Bland v. Norfolk & Western Ry. Co., 116 Ill.2d 217, 107 Ill.Dec. 236, 506 N.E.2d 1291, 1297 (1987) (analyzing the locality factor of forum non conveniens and holding that Macon County in Illinois had a local interest in an action since it was the situs of plaintiffs alleged injury). We cannot yet say whether doctors in Talbot County or Baltimore City had a greater role, if any, in negligently treating the plaintiff. In Stidham, all of the torts allegedly occurred in the same county. Here, Kerrigan alleges multiple torts in both Baltimore and Talbot County. Without more fact finding, the trial court’s conclusion that citizens of Talbot County have a greater interest in this case than their fellow Marylanders in Baltimore was not supported. Additionally, the trial court noted the existence of several large hospitals in Baltimore while only one such hospital operates in Talbot County. Presumably though, healthcare is equally important no matter where one lives or how many hospitals exist in a given municipality. For this reason, to the extent that the trial court implied that the citizens of Talbot County have a greater interest than Baltimoreans in assuring access to safe healthcare, I do not agree. The Majority today deals a heavy blow to our long-held recognition of a plaintiffs right to choose a venue. See e.g., Leung, 354 Md. at 224, 729 A.2d 956; Akers v. Norfolk & W. Ry. Co., 378 F.2d 78, 80 (4th Cir. 1967). This Court has never held, until today, that a plaintiffs choice of venue receives less deference when suing where he or she does not live. Chief Judge Barbera and Judge McDonald have authorized me to state that they join this dissenting opinion. . The Supreme Court used the term “foreign” to describe plaintiffs entirely outside the United States. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Commentators discussing federal law have analyzed Piper as if it applies only to actions from plaintiffs outside the United States. See Charles Wright & Arthur Miller, Federal Practice and Procedure § 3828.2 (4th ed. 2009). We should not apply Piper to a dispute between parties merely from different subdivisions in the same state. . The Majority also notes that the Court of Special Appeals, in Stidham v. Morris, 161 Md.App. 562, 870 A.2d 1285 (2005), properly invoked the less deferential standard mentioned in Leung. But in Stidham too, the facts differed greatly from Kerrigan’s appeal. Stidham involved a car accident in Baltimore County. Id. at 565-66, 870 A.2d 1285. The plaintiff also lived in Baltimore County. The plaintiff sued out-of-state defendants in Prince George’s County and the defendants moved to transfer the case to Baltimore County. Id. After noting that the plaintiff and the suit had "virtually no connection” to Prince George's County, the intermediate appellate court affirmed the trial court's transfer. Id. at 565, 569-70, 870 A.2d 1285. Again, Kerri-gan’s suit has a much greater connection to his chosen venue given the extensive, and allegedly negligent, medical care he received in Baltimore City.