LILLIE P. GARRETSON, Appellee, v. JOE ALTOMARI et al.,
Appellants.

**JUDGMENT:** Setting Aside Paper Decree. Whether an agreed paper decree, entered into in good faith by all the parties and signed by

the court, should be withheld from filing because one of the parties became dissatisfied therewith, rests in the legal discretion of the court.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

FEBRUARY 16, 1921.

ACTION in equity for the forfeiture of a contract for the sale of real estate.—*Affirmed.*

*S. B. Allen,* for appellants.

*H. L. Bump,* for appellee.

FAVILLE, J.—The record in this case rests upon the pleadings. It appears therefrom that the appellee was the owner of a certain tract of land located in the city of Des Moines, and sold the same on written contract to the appellant Raymond. This action was brought to declare a forfeiture of the said contract because of nonpayment of the purchase price. The purchaser, Raymond, was made a party defendant, and also the appellant Altomari. The latter appeared in said action, and filed a cross-petition, alleging that, at the time of the sale of the real estate in question by the appellee to Raymond, there was outstanding a mortgage on said premises held by one McCauley, which mortgage had been afterwards foreclosed; and that said premises had gone to sheriff's deed in said foreclosure proceeding, and that the said appellant Altomari was the owner of said sheriff's deed. It was further pleaded that, in said foreclosure proceeding, the appellee, Garretson, was not made a party, and that, by reason thereof, her interest in said premises was not foreclosed; and said defendant prayed by cross-bill that he might be subrogated to the rights and interests of Raymond in said premises and to all the rights of the said McCauley as the holder of the note and mortgage that had been foreclosed. McCauley was not made a party. Appellant Raymond, by answer, admitted the execution of the mortgage and default thereon. The contract between the appellant and Raymond provided that the McCauley mortgage was to be deducted from the purchase price, as paid off by the purchaser.

After the issues were fully made up, the cause came on for trial in the district court, and it appears from the record that all parties to the action appeared in open court, in person and with their attorneys, and a decree was agreed upon between the attorneys, fixing the rights of the parties. A mutual understanding was entered into that the decree so agreed upon should be drawn and approved by counsel and signed by the trial judge, but should not be filed or recorded for a period of one week, in order to permit the parties to endeavor to effect a settlement by the payment of a certain amount in cash, and the execution of a deed and mortgage. A decree in accordance with this agreement made by the parties was duly drawn and approved by the attorneys of all the parties, and was signed by the judge. Thereafter, on the same day, the appellants discharged their counsel, and employed another attorney, who appeared in said cause and filed a motion wherein appellants alleged that they were aggrieved by virtue of the decree executed by the court on the 17th day of December, 1918, and prayed the court not to file said decree. The appellee appeared, and resisted this motion. The court overruled the appellants' motion, and ordered the decree filed and entered of record.

The record before us is very faulty, both as to the entry of judgment and the taking of the appeal. It is by sufferance, rather than of necessity under our rules, that we entertain this appeal. Appellee has not seen fit to challenge our jurisdiction of the case. We have examined the record with care, and find nothing therein of which the appellants can justly complain.

As argued, appellants undoubtedly had the right to discharge their attorneys and employ other counsel to appear for them before the decree was finally entered. It is also well settled by our holdings that judgment forms signed by the judge are only directions for judgment, and are not binding as final judgments until duly entered of record. In this case, however, the parties had been before the court for trial, and with consent of the court, and with perfect good faith, counsel had agreed upon the form, terms, and conditions of a decree, which had been fully approved and signed by the trial judge. True, it was not then a final decree. Subsequently, the appellants, through new counsel, by motion asked a withholding of said decree and

a further trial of the case. This appellants had a right to do. The determination of said motion was a matter resting within the discretion of the trial court. We cannot disturb the ruling thereon, without a showing of such an abuse of discretion as justifies interference by this court. We fail to find any such abuse of discretion: in fact, we think that, under the record, and upon the showing made in the application, the action of the lower court in denying the appellants' motion and ordering the decree entered of record was proper.

The ruling of the lower court is in all respects—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.

DE GRAFF, J., took no part.