## Robert Andrews v. Clarence Newton, et als

[108 A2d 517]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed October 5, 1954.

*Wayne C. Bosworth* for the defendants.

*John T. Conley* for the plaintiff.

■ **Adams, J.** This is an action of contract to recover a commission by a real estate broker. Trial was by the court. Findings of fact were made and filed. A judgment was rendered for the plaintiff to recover $800.00. The case is here on exceptions to the judgment. In considering this exception the only question before us is whether the judgment is supported by the facts found. *Duchaine* v. *Zaetz*, 114 Vt 274, 276, 44 A2d 165, and cases cited.

The findings show: The plaintiff on July 1st, 1953 was a licensed real estate broker. At that time the defendants were the owners of a lot of land with a garage, filling station, tools, equipment and stock located thereon and therein situated on route 7 in Middlebury. On August 21 the defendants entered into a contract wherein the defendants contracted and agreed with Ralph and Jane Emilo to sell them the lot of land with garage, filling station, certain equipment and personal property for $16,000.00. This contract contained the following provisions, finding 13, "A. Said vendees shall pay any and all real estate broker's commissions that have or may arise in connection with this sale and will further defend, save harmless and protect said vendors from any and all expenses that may arise or be connected with such commissions." On August 25 the defendants conveyed the premises to Mr. and Mrs. Emilo and received therefor $16,000.00 in cash. Finding 18, to which there was no exception taken is as follows: "It is found that as a result of the endeavors of the plaintiff the above

sale from the defendants to Mr. and Mrs. Ralph Emilo was ultimately consumated at the cash price of $16,000. and that the plaintiff was the procuring cause of said sale."

The defendants claim that the sale to Mr. and Mrs. Emilo was not upon the terms specified by the defendants to the plaintiff for a sale of the property. They say that the price was different and that the sale included personal property and that none was included in the property the plaintiff was to sell. They refer us to finding 4, wherein it is found, "Clarence Newton then told the plaintiff that he would sell the lot with filling station and garage located thereon for $17,000. and would pay the plaintiff, if he procured a customer, a commission of 5%."

An exception to a judgment does not reach back of the findings. *Strout* v. *Wooster*, 118 Vt 66, 80, 99 A2d 689. It is true here, as the defendants say, that the findings are very meager in regard to the contract between the plaintiff and the defendants. However, we must assume in favor of the judgment that the trial court inferred such facts from the other facts certified as it ought to have done, or might fairly have done. We will assume in support of the judgment that the trial court inferred from the facts found any fact fairly inferable therefrom and necessary to support the judgment. *Barre City Hospital* v. *St. Johnsbury*, 117 Vt 5, 7, 83 A2d 600, and cases cited.

The defendants rely upon the case of *Oben* v. *Ducharme*, 93 Vt 211, 106 A 777. That case is distinguishable and is not in point. There the contract provided for a lowest named price upon certain terms as to cash and future payments including even the rate of interest on those payments and the contract specifically provided that the property was for disposal by the broker upon the terms stated. There was in that case a special engagement upon the part of the broker as was pointed out by this Court in *Fairbanks* v. *Frank*, 107 Vt 45, 50, 176 A 294. Furthermore, the broker, in the Oben case procured a party as a customer who, it was found, was not ever ready and willing to buy for the price and upon the terms set forth in the contract between the owner and the broker. Later an exchange for other property was made by the owner

with this customer. There was no finding either express or implied that the broker was the procuring cause of that transaction. Here, as we have seen, there is a specific finding that the broker, the plaintiff, was the procuring cause of the sale.

Finding 3 is in part that on or about July 17 the plaintiff "asked said defendant (Clarence Newton) whether he was interested in selling the remaining lot with garage and filling station located thereon." The most that can be said for finding 4 is that at the time of the inquiry referred to in finding 3, Clarence Newton informed the plaintiff that the price for which the defendants would sell the property was $17,000. It falls far short of setting forth a specific engagement of the broker according to which he must sell the property to entitle him to a commission, as in the *Oben* v. *Ducharme* case, supra.

Finding 7 states in substance that on August 4, the plaintiff called on Clarence Newton and informed him that Ralph Emilo and his wife were interested in purchasing the garage and filling station premises and that he, the plaintiff, had given them a price of $17,000. and also that an additional sum of $500. would probably cover the stock, dependent, however, upon the quantity of oil, gas, etc., on hand. The plaintiff at that time also stated to Newton, that Emilo might want to banter the price.

Newton knew from that time, that the Emilos were customers procured by the plaintiff and at a price that might be less than the quoted one to them. We have seen by the findings that on August 21 the defendants made a contract to convey the premises with certain personal property to Mr. and Mrs. Emilo for $16,000. and specifically provided therein that the vendees "pay any and all real estate broker's commissions that have or may arise in connection with this sale."

There is no finding nor can any be implied that the defendants had in any way terminated any agreement with the plaintiff in regard to a sale of the property by him. In view of the findings to which we have referred, we will assume in support of the judgment that the lower court inferred that the defendants understood when they negotiated the sale to Mr. and Mrs. Emilo that they, the defendants, would be li-

able to the plaintiff for his commission. In the absence of a special engagement on the part of the broker, he has earned his commission when he has produced a customer who buys the property at a price acceptable to the owner, unless the owner has in some legal way, prior to the sale, terminated the contract with the broker. In such cases, the commission is ordinarily to be computed on the sale price rather than on the price first fixed. *Fairbanks* v. *Frank, supra,* 107 Vt 45, 50, 176 A 294; *Rogers & Cole* v. *Cole,* 99 Vt 239, 242-243, 131 A 12.

*Judgment affirmed.*