### In Re Estate of James R. Cartmell

[138 A2d 592]

November Term, 1957.

Opinion Filed January 7, 1958.

*Wayne C. Bosworth* for the appellants.

*Bloomer & Bloomer* for the appellee.

**Adams, J.** This controversy stems from two pretrial conferences in this case. It is here on exceptions of four claimants in the Cartmell estate, Gladys Brown, represented by Harry Brown, executor of her estate, Marjorie Holmes, Edith Benedict and Eleanor Cartmell, hereinafter referred to as the appellants, to a judgment of the Addison County Court. The case came before the county court by virtue of an appeal of Dorothy Murray, hereinafter referred to as the appellee, from an allowance of $12,000.00 by the commissioners in the James

R. Cartmell estate to each of the appellants above named. The other party represented here is Jessie Cartmell. It appeared in oral argument that the appellants and the appellee are all and the only children of James R. Cartmell and that Jessie Cartmell is his widow.

The record discloses that the county court with the presiding judge and one assistant judge present held a pretrial conference on February 26, 1954 in connection with this case, No. 4915 on the county court docket, at which all of the attorneys representing the respective parties were present. Another attorney, who represented another and different party in case No. 4902 on the county court docket, was also present. No testimony was taken at that conference. There was a discussion between the attorneys and the court. No transcript was made of this discussion.

Later a letter was written to the presiding judge by the attorney who represented the appellants and on March 15, 1954 another pretrial conference was held before the full court, consisting of its three members, at which conference the same attorneys were present representing the same parties. A transcript was made of what was said at this conference. It has been furnished us as a part of the bill of exceptions. No sworn testimony was taken. The proceedings consisted of questions, answers and statements by and between the court and the attorneys present plus some exhibits.

Following this conference, the court made and filed a judgment order, signed by the full court. The judgment was against the Cartmell estate in favor of each of the appellants and the appellee for $12,000. each and it was ordered that it be certified to the probate court for the District of Addison. The appellants and the executor of the Cartmell estate were allowed exceptions but only the appellants filed and are here on a bill of exceptions.

■■ The general exception to the judgment raises the question whether it is supported by the facts found. *Andrews* v. *Newton*, 118 Vt 290, 291, 108 A2d 517. No findings were requested or made so none are before us except such as are to be inferred in support of the judgment. We therefore look to the

transcript. *Sage* v. *Sage*, 115 Vt 364, 61 A2d 557. All of the attorneys present, except the attorney representing the appellants concurred in their statements at the second conference that at the first conference an agreement was made in case No. 4915, the present case, that provided for a settlement in accordance with which a judgment was to be entered for the appellants and the appellee for $12,000. each, thus disposing of the case without a trial and that the attorney for the widow would prepare a stipulation evidencing such agreement. He later prepared such a stipulation.

At the second conference, this attorney representing the widow signed the stipulation and it was also signed by the attorney representing the appellee. The attorney representing the appellants made a statement. This statement shows that he claimed that any agreement made at the first conference would have to be approved by the clients. He claimed that the first conference was merely a pretrial conference to get the views of the attorneys; that two cases were to be discussed and he stated that his clients desired nothing but an equitable distribution of the assets of the estate and that "I should stand ready to approve a stipulation which provided for an allowance of the gifts to all five of them;" that "at that point we proceeded to the second case. There was no discussion in chambers of that but it was discussed among several of the parties of the litigation and nothing came of that, and consequently I felt that the entire proceeding to reach an agreement had broken down and there was nothing further to do." After making this statement, he refused to sign the stipulation "as a separate item."

Following this statement and refusal, the other attorneys present, in reply to questions by the court, denied that there was any discussion by the attorney for the appellants that he would have to confer with his clients before approving any agreement and disposition of case No. 4915 and they also stated that an agreement was reached for a settlement of that case so that it would be disposed of without a hearing or trial and that this was not dependent upon case No. 4902.

After all of the foregoing had taken place, the court made the following statement:—"The court in this case takes the

view that there was an unconditional and unqualified agreement made by counsel representing all of the parties, that the court enter judgment for each of the clients, including Dorothy Murray, to recover $12,000. without interest, no costs to be taxed and judgment is rendered accordingly. We think that agreement should be respected."

It is evident that the conclusion of the court was well within the facts and amply justified by them.

The attorney for the appellants in his brief seems to rely, not on the fact that he made no agreement consenting to a judgment, but on the fact that it was not in open court and could therefore be withdrawn at any time prior to the entry of judgment.

■■ County Court rule 3-A provides for pretrial conferences in order to expedite the disposition of causes. Pretrial proceedings have been a juridical development of modern times. Provision is now frequently made by statute and rule of court for the court to hold a pretrial conference. The pretrial court is considered a part of the trial procedure in any cause. 88 CJS, Trial, §17(2), p. 44. We are satisfied and hold that agreements made at a pretrial conference held pursuant to County Court rule 3-A are in fact and in legal effect made in open court. The subsequent course of action is controlled by agreements or admissions made at the pretrial conference. 88 CJS, Trial, §17(2), p. 46; *Johnson* v. *Glassley*, 118 Ind App 704, 83 NE2d 488.

■■ It is also claimed that, even though there was a consent to the entry of a judgment, such consent can be withdrawn at any time prior to the actual entry of the judgment. A general statement is cited that "it has been so held." The case cited as authority for the statement had jurisdictional matters involved. It has also been held that allowing the consent to be withdrawn is within the discretion of the court. *Garretson* v. *Altomari*, 190 Iowa 1194, 181 NW 400. We adopt that as the better view. After a pretrial conference at which it is agreed that a judgment may be entered and a trial or hearing avoided, the court should have some control of any further or different procedure. One of the purposes of a pre-

trial conference is to ascertain the necessity of an actual trial and to aid in negotiations for settlements in cases where that would best serve the interest of litigants and by this means stabilize the trial docket. 53 Am Jur, Trial, 111, p. 33. If the results of agreements reached at a pretrial conference can be repudiated by a participant therein, without the court having something to say about it, there would be no certainty that anything had been accomplished by holding one.

The attorney for the appellants relies upon *Manley* v. *Johnson*, 85 Vt 262, 81 A 919, 921. There, while the case was pending before the jury and as it was about to be called, terms of settlement were agreed upon and the case was entered with the court for judgment as per stipulation. The defendant refused to sign the stipulation and the trial court entered judgment for the plaintiff for the amount that had been agreed upon. On appeal, it was held that the stipulation was supplemental to the agreement and that there was no error. In the course of the opinion, this court said,—"We think the defendant's subsequent refusal to sign the writing did not deprive the court of its power to enter a judgment in accordance with the agreement. * * * * The only claim presented by the exception to the judgment was that no proceedings had been had that entitled the plaintiff to a judgment." A careful study of the opinion indicates that it is more favorable to the appellee than to the appellants. Certainly, it does not hold, as claimed, that consent to a judgment may be withdrawn at any time before its actual entry unless the agreement has been made in open court and that, acting upon the agreement, the situation of the parties has been changed.

It is also claimed in the brief for the appellants that the county court had no jurisdiction to act upon the claim of the appellee because it never was presented to the commissioners for allowance nor in any way brought before the probate court. This point was not made below and is raised for the first time here. In fact, as we have seen it was agreed at the pretrial conference that the appellee should be allowed the same amount as each of the appellants and a judgment for the same should be entered by the court.

240

 As a general rule one may be estopped by an agreement or stipulation made in a judicial proceeding. 19 Am Jur Estoppel, §76, p. 715. Courts have the general power of entering judgment by consent of the parties for the purpose of executing a compromise and settlement of an action. 31 Am Jur, Judgments, §458, p. 105. A judgment entered up by the court upon an agreement of the parties is, to say the least, as conclusive upon them as if judgment was rendered in the ordinary course of the proceeding. *Harris* v. *Harris' Estate*, 82 Vt 199, 216, 72 A 912.

 A trial court may not be put in error on a point not made below. *Campbell* v. *Howard National Bank*, 118 Vt 182, 188, 103 A2d 96. However, as the matter is claimed to be one of jurisdiction, we give it attention.

 If a court has jurisdiction of the subject matter, the parties by their conduct may waive all other jurisdictional requirements. *Town of Duxbury* v. *Town of Williamstown*, 102 Vt 94, 98, 145 A 872. Under our statutes the probate court is given plenary and exclusive jurisdiction in the matter of the settlement of estates. *Kreichman* v. *Webster* , 110 Vt 105, 109, 2 A2d 199; *Probate Court* v. *American Fidelity Co.*, 113 Vt 418, 420, 35 A2d 495. On appeal from the probate court, the county court sits as a higher court of probate with coextensive jurisdiction. *Everett* v. *Wing*, 103 Vt 488, 493, 156 A 393; *Roddy* v. *Fitzgerald Estate*, 113 Vt 472, 476, 35 A2d 668.

 The probate court for the District of Addison had jurisdiction of the subject matter, i.e., the settlement of the Cartmell estate. It would, therefore, have been within the plenary jurisdiction of that court to recognize the agreement made in the instant case and make a decree in conformity therewith which would have had the standing of a judgment by consent. *In re Everett's Estate*, 113 Vt 265, 271, 33 A2d 223; *Murray* v. *Cartmell's Executor*, 118 Vt 178, 180, 102 A2d 853. It follows that the county court, on the appeal with its coextensive jurisdiction, had the right to recognize the agreement and enter judgment in conformity therewith. There is no question raised here in regard to the assets in the estate being

insufficient to satisfy the judgment or the claims of other creditors.

*There is no error. The judgment of the county court is affirmed. To be certified to the Probate Court for the District of Addison.*