## HAROLD H. DORSEY v. PAUL M. WROTEN ET UX.

[No. 703, September Term, 1976.]

*Decided March 16, 1977.*

The cause was argued before THOMPSON, MOYLAN and MOORE, JJ.

*William J. Pittler, P.A.* for appellant.

*Raymond E. Back* and *Charles D. Hollman,* with whom were *Cable, McDaniel, Bowie & Bond* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

Harold H. Dorsey, the appellant, appeals from an order refusing to set aside an unenrolled consent decree and the

granting of a petition to enforce the decree by the Circuit Court for Carroll County. We find that the trial court abused its discretion by denying appellant's petition to set aside the decree; we reverse.

On February 7, 1975, the appellant entered into a contract with the appellees, Paul M. and Patricia L. Wroten, for the sale of a parcel of land, owned by the appellant, in Carroll County, Maryland. As a part of the contract, the appellant further agreed to construct a house. Due to a dispute between the appellant and the developers of the subdivision, which contained the subject property, over a restrictive covenant, a conflict arose between the appellant and appellees concerning completion and possession of the house under construction. As a result of this, a Bill of Complaint for Specific Performance was filed in the Circuit Court for Carroll County by the appellees. Appellant answered this bill of complaint and filed a Motion for Summary Judgment, which was denied. The case was set for trial on February 23, 1976.

When the case was called, the attorneys for each side approached the bench and requested a "settlement type conference" in the judge's chambers. After it was explained to him that the attorneys were attempting to work out a settlement, the trial judge stated that there were no other cases scheduled for the remainder of the day so the lawyers could confer with their clients and attempt to work out a settlement; if one could not be reached, then they could return to the courtroom and try the case. Each attorney conferred with his client individually. After the discussion with his attorney, the appellant maintained reservations about the settlement. Appellant and his attorney met with the attorney for the appellees. There is a discrepancy in the testimony as to whether the appellant actually agreed to the final settlement, but the trial judge found that he did, which we accept. At approximately 12:00 p.m., the lawyers met a second time with the trial judge and informed him that a final settlement had been reached. The trial judge requested that a consent decree be prepared and presented to him. At 3:15 p.m. the appellant informed his attorney that he would

not agree to a consent decree. Counsel for the appellant met a third time with the trial judge and informed him that the appellant no longer agreed to a settlement. The trial judge stated that he considered the matter settled and that he would sign the "consent" decree when it was presented. On February 26, 1976, the "consent" decree was signed.

It is well established that courts will look with favor on compromise or settlement of lawsuits in the interest of efficient and economical administration of justice and the lessening of friction and acrimony. *Chertkof v. Harry C. Weiskittel Co.*, 251 Md. 544, 550, 248 A. 2d 373 (1968). While a settlement agreement is subject to the general rules of contract such as the adequacy of consideration, a consent decree adds a critical element to the contractual act — judicial conclusiveness. *Kirsner v. Fleischmann*, 261 Md. 164, 170, 274 A. 2d 339 (1971). A consent decree is entered under the eye and with the sanction of the court and should be considered a judicial act not open to question or controversy in a collateral proceeding. *State, ex. rel. Cox v. Maryland Electric Railways Co.*, 126 Md. 300, 304, 95 A. 43 (1915). The only question that can be raised concerning a consent decree is whether in fact the decree was entered by consent. *Prince George's County v. Barron*, 19 Md. App. 348, 349, 311 A. 2d 453 (1973).

In *Mercantile Trust Co. v. Schloss*, 165 Md. 18, 24, 166 A. 599 (1933), the Court of Appeals refused to grant a motion to dismiss an appeal on the ground that the decree was a consent decree from which no appeal would lie. The Court, after examining correspondence between the parties, was unwilling to say that the decree, as signed, was agreed to by all the parties. It stated that the proper practice would be for the chancellor to state in the decree that it is being passed by consent or have the consent of the parties endorsed therein.[1]

---

1. Under Maryland Rule 601, in the absence of a judge, the clerk may enter the consent judgment by the consent of the parties in the same manner as if the judge were present. When he receives an order from the parties to enter a consent judgment, the clerk has no discretion or initiative in the matter and no right to make a judicial determination whether or not to make such an entry. Corey v. Carback, 201 Md. 389, 402, 94 A. 2d 629 (1953). By its nature, therefore, a consent decree cannot be entered unless both parties agree to the order which is presented to the clerk.

*Id.* at 25. Of course, it would be an abuse of discretion for the chancellor to state in the decree that it was being consented to when it was not.

In the case at bar, even though the appellant orally agreed to a settlement agreement, it is obvious that he withdrew that consent before the final meeting with the trial judge. It is also apparent that both the trial judge and the appellees had full knowledge that the appellant was not consenting to the decree two days before it was signed. We find that the trial judge abused his discretion under Maryland Rule 625 a by denying the motion to set aside the unenrolled consent decree, where the court at the time of the entry of the decree knew that the appellant did not so consent.[2]

Some cases hold that even a written stipulation or a stipulation made in open court is not binding until judgment is actually entered. *Norton Shores v. Carr,* 59 Mich. App. 561, 229 N.W.2d 848 (1975); *Van Donselaar v. Van Donselaar,* 249 Iowa 504, 87 N.W.2d 311 (1958); *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288 (1951); *Williamson v. Williamson,* 224 N. C. 474, 31 S.E.2d 367 (1944); *Jacobs v. Steinbrink,* 242 App. Div. 197, 273 N.Y.S. 498 (1934).

*In Re Cartmell's Estate,* 120 Vt. 234, 138 A. 2d 592 (1958), relying on *Garretson v. Altomari,* 190 Iowa 1194, 181 N. W. 400 (1921), held that to allow consent to a judgment to be withdrawn prior to actual entry of the judgment is a matter within the discretion of the court. *Garretson v. Altomari, supra,* was expressly overruled by *Van Donselaar v. Van Donselaar, supra* at 314. The Vermont Court also based its reasoning on the idea that Vermont's official pretrial proceedings have the same legal effect as proceedings in open court.

In *Bohlman v. Big River Oil Company,* 124 N.W.2d 835 (N.D. 1963), the Court recognized the rule that the power of the court to enter judgment by consent is dependent on the existence of actual consent of the parties at the time the judgment is entered but declined to follow the rule where

---

2. *See* Ryan v. Johnson, 220 Md. 70, 150 A. 2d 906 (1959) as to abuse of discretion.

the parties had dictated an agreement into the record and the judge, in open court, had approved the agreement, even though actual judgment had not been entered at the time one of the parties sought to disavow the agreement.

Although the precise question here decided was not discussed in any detail, it seems that Maryland follows the rule of the latter case. *See Chertkof v. Weiskittel, supra,* which held an agreement dictated into the record binding.

We hold the entry of a judgment by consent implies that the terms and conditions have been agreed upon and consent thereto given in open court or by filed stipulation. In the instant case, the chancellor found that the parties had agreed to the terms, but it is obvious there was no consent thereto in open court nor was there a written stipulation filed in court.

> *Order reversed.*
> *Case remanded for further pro-*
> *ceedings.*
> *Appellant to pay the costs.*