## CIRCUIT COURT OF LOUDOUN COUNTY

Echols

v.

Echols

November 20, 1984

Case No. (Chancery) 8519

By JUDGE THOMAS D. HORNE

On May 19, 1983, counsel for the parties caused to be filed with the papers in this cause a transcript of a stipulation which was dictated on May 13, 1983. It has been tendered to the Court as Plaintiff's Exhibit # 3. The stipulation, otherwise referred to by counsel as the "agreement," provides for custody of the infant child of these parties with accompanying visitation by the non-custodial parent; for continued health insurance coverage of the child; for child support in the amount of $525.00 per month effective June 1, 1983; for temporary relocation assistance to the wife at $375.00 per month commencing June 1, 1983, to continue for a period of three years or until Mrs. Echols remarries or dies, whichever comes first; and for payment by Mr. Echols of one half of the tuition for the child at the Loudoun Country Day School (or similar school with similar tuition structure as might be agreed upon by the parties through the eighth grade).

The transcript also reveals that counsel represented that the dictated agreement would be reduced to writing and signed by the parties. It was to include certain additional conditions, namely that the parties would fully disclose to each other any property acquired during the marriage; that the parties mutually released each other of any and all other claims including spousal support, dower and courtesy rights, rights of inheritance; and the right to qualify as administrator of the other's

estate; that they would seek confirmation and ratification of the agreement at the time of the entry of a final decree; that the parties would be responsible for their own attorney's fees in the past and future; that they would have the right to live separate and apart without interference from the other party; that they would not harass, molest, threaten, or interfere with the other's private lives; and that both parties would, "do everything reasonably necessary to foster the love of the natural parent by the infant child."

In prior proceedings in this cause, the Court has entered a Final Decree of Divorce and has determined custody and visitation of the child. It has dissolved prior restraining orders limiting the travel outside the state. The testimony of the parties reveals that Mr. Echols has paid, and Mrs. Echols accepted, payments made pursuant to the understanding of the parties as dictated to the Court reporter. This is a sum in excess of that awarded by the Court in its *pendent lite* decree of April 21, 1983. Mrs. Echols continued to accept these payments which Mr. Echols made, despite the fact that the Final Decree of Divorce continued the "previous orders of (the) Court concerning child support, maintenance, child custody, visitation and otherwise."

From the testimony and exhibits, it is clear that after the agreement was reached, dictated to the reporter, and filed with the clerk, the parties were unable to reduce the agreement to writing. (See Plaintiff's Exhibits # 1 and # 2.)

The question then is whether the agreement, as dictated and filed with the record of these proceedings, is an "agreement or provision thereof," which, pursuant to § 20-109.1, Code of Virginia, this Court *may* (emphasis added) affirm, ratify, and incorporate by reference in its decree. The Court believes that it is, and, to the extent to which its provisions will be incorporated in a decree of this Court, binding on the parties. Such an agreement need not be in writing. *Barnes v. American Fertilizer Company*, 144 Va. 692, 720 (1925). Nor may the parties now withdraw their consent freely given through their attorneys by way of the stipulation filed less than a week after it was recorded, and after Mrs. Echols has received the financial benefits therefrom. *Dorsey v. Wroten, et ux.*, 35 Md. App. 359, 370 A.2d 577 (1977); *Johnson v. Johnson*, A.2d 962 (1979); *State Highway Board*

*v. Clement Sharrow, et al.*, 212 A.2d 72 (1965). Furthermore, consistent with the evidence theretofore given, this Court cannot conclude that the provisions of the agreement are unjust, inequitable or unfair.

Therefore, the Court, pursuant to the provisions of § 20-109.1, will affirm, ratify and incorporate the following provision of the agreement heretofore filed with the Court on May 19, 1983:

1. Mr. Echols shall pay to Mrs. Echols child support in the amount of $525.00 per month on the first day of each month. Pursuant to the agreement between the parties, the husband shall be entitled to claim the child as an exemption for income tax purposes. In addition, the father shall continue health insurance coverage on the child and shall pay fifty percent of any unreimbursed medical expenses reasonably incurred. As agreed upon by the parties, the father shall be consulted by the mother with respect to any voluntary medical treatment, which shall be deemed to include opthalmological, dental, orthodonic, and psychiatric care.

2. Mr. Echols shall pay to Mrs. Echols for her support and maintenance, temporary relocation assistance in the amount of $375.00 per month, payable on the first of each month through and including the month of May, 1986. In accord with the agreement, such payments shall terminate at an earlier date in the event of the remarriage or the death of Mrs. Echols. Excepting only the rights of each under § 20-107.3 of the Code, the parties have agreed and the Court will decree that this payment shall be in full satisfaction of any claim that each may have against the other for support as well as a release of dower and courtesy rights, rights of inheritance and the right to qualify as administrator of the estate of the other.

3. As the parties have provided for the payment of private school tuition after June 1, 1986, those provisions as set forth in the stipulation will be incorporated in the Decree of this Court.

4. Each of the parties shall be responsible for his or her own attorney's fees in this cause.

5. Both of the parties shall be enjoined from harassing, molesting, threatening, or interfering with each other.