348

61 A.3d 21

**KENT ISLAND, LLC**

v.

**Michael A. DiNAPOLI, et al.**

**No. 33, Sept. Term, 2012.**

Court of Appeals of Maryland.

Feb. 22, 2013.

Warren K. Rich (Mark F. Gabler and Aminah Famili of Rich and Henderson, P.C., Annapolis, MD), on brief, for Petitioner.

C. Daniel Saunders (Cristina Harding Landskoener, Chestertown, MD) on brief, for Respondents.

Argued before: BELL, C.J., HARRELL, GREENE, ADKINS, BARBERA, McDONALD and ALAN M. WILNER, (Retired, Specially Assigned), JJ.

HARRELL, J.

This case arises out of an attempt by Respondents[1] to attack collaterally an enrolled Consent Order entered by the Circuit Court for Anne Arundel County. Petitioner Kent Island, LLC ("Kent Island"), entered into the subject Consent Order with the Queen Anne's County Planning Commission ("Planning Commission"), Queen Anne's County Sanitary Commission ("Sanitary Commission"), and the County Commissioners for Queen Anne's County ("County Commissioners") regarding resolution of their disputes over Kent Island's

---

1. Respondents are the Queen Anne's County Conservation Association, Inc. and six residents of Queen Anne's County: Michael A. DiNapoli, Janet DiNapoli, Leland C. Brendsel, B. Diane Brendsel, Daniel T. Hopkins, and Richard M. Markman.

proposed construction of a project known as the Cloisters on Kent Island Subdivision ("Cloisters") in Stevensville, Queen Anne's County. The Consent Order, when entered, terminated litigation in *Kent Island, LLC v. County Comm'rs for Queen Anne's County,* No. C–05–104013 (*"Kent Island I"*), in the Circuit Court for Anne Arundel County. Respondents were not parties to that action.

Seeking invalidation of the Consent Order, Respondents filed suit in the Circuit Court for Queen Anne's County (*"Kent Island II"*).[2] On Kent Island's motion, the case was transferred to the Circuit Court for Anne Arundel County, which terminated the case by granting summary judgment on the merits in favor of Petitioner. On direct appeal, the Court of Special Appeals vacated the judgment solely on procedural grounds, finding that venue was appropriate in the Circuit Court for Queen Anne's County. Before us is the narrow question of whether the Circuit Court for Queen Anne's County has subject matter jurisdiction to consider the validity of the enrolled Consent Order of the Circuit Court for Anne Arundel County. Accordingly, we are not called upon, nor required, to express an opinion regarding the challenges to the validity of the Consent Order itself.

## FACTS AND PROCEDURAL HISTORY

Petitioner Kent Island instituted suit in *Kent Island I* against initially the County Commissioners, the Sanitary Commission, and the Maryland Department of the Environment ("MDE") in the Circuit Court for Anne Arundel County[3] on 23 February 2005. Kent Island sought, through a writ of

---

**2.** Although only Kent Island is a Petitioner before us, the County Commissioners, Sanitary Commission, and Planning Commission were also named as defendants in *Kent Island II.*

**3.** Kent Island asserted specifically that venue in *Kent Island I* was appropriate in Anne Arundel County under § 6–201 of the Courts and Judicial Proceedings Article because the MDE "is a principal department of the state government established under Md.Code Ann., Envir. Art. § 1–401" that "carries on regular business in Anne Arundel County."

mandamus and declaratory and injunctive relief, to enforce extant laws from 2003 regarding water and sewer planning and to direct the MDE to require Queen Anne's County to provide a favorable water and sewer designation allowing development of the Cloisters. The MDE was dismissed from the case on 27 October 2005. The County Commissioners sought on two occasions—once before the MDE was dismissed and once after—to transfer the case to the Circuit Court for Queen Anne's County. The court denied each request.[4]

On 5 November 2007, Judge William C. Mulford, II, after a two-day hearing,[5] issued an Order concluding that Queen Anne's County violated applicable law by "unlawfully us[ing] its water and sewer allocations to stop growth," requiring the Sanitary Commission to grant the Cloisters an immediate water and sewer service designation, and providing Kent Island 18 months to obtain subdivision plan approvals under the laws and circumstances in effect as of 18 November 2003.[6] The County Commissioners and the Sanitary Commission noted an appeal to the Court of Special Appeals.

---

**4.** The Circuit Court for Anne Arundel County dismissed ultimately the action on 21 July 2006, determining that Kent Island failed to exhaust its administrative remedies. The Court of Special Appeals, in an unreported opinion filed 17 August 2007, vacated that judgment and remanded to the Circuit Court for further proceedings.

**5.** Judge Mulford, before ruling on the merits, noted on the record in a hearing on 5 November 2007 that "[a]t least two previous judges [of the Circuit Court for Anne Arundel County] ruled against Queen Anne's County [on a motion to transfer venue] in this case" and no additional affirmative motion to transfer was made by any party in *Kent Island I.*

**6.** The Sanitary Commission denied Kent Island's water and sewer allocation request for the Cloisters development on 18 November 2003. Because Judge Mulford found that the Sanitary Commission acted arbitrarily and capriciously and violated applicable law in doing so, he determined that Kent Island was entitled to have its subdivision plans reviewed under the laws in effect on the date of the Sanitary Commission's wrongful action. After 18 November 2003, the real property at issue was re-zoned, such that high-density residential development would no longer be permitted, and various laws and regulations relating to real property development were amended to impose stricter requirements on developers than existed on 18 November 2003.

During the pendency of the appeal, Kent Island obtained preliminary subdivision approval for the proposed 273 dwelling units in the Cloisters and secured a water and sewer allocation.[7] Following oral argument in the Court of Special Appeals in *Kent Island I*, but prior to a decision by the intermediate appellate court, Kent Island, the County Commissioners, and the Sanitary Commission negotiated a settlement to be entered as a Consent Order by the Circuit Court for Anne Arundel County. After the Planning Commission informed Kent Island on 9 December 2008 that it would not abide by the terms of the proposed Consent Order, the Planning Commission was joined as a party in *Kent Island I* for the purpose of insuring a global resolution.

The Consent Order was conceived as the means to terminate the litigation in *Kent Island I*. Specifically, the County Commissioners and Sanitary Commission agreed to dismiss their pending appeal within ten days. Kent Island agreed to reduce the density of the proposed subdivision to 240 units and withdraw a claim for attorneys' fees. Additionally, the parties to *Kent Island I* agreed to execute a Public Works Agreement within ninety days of Kent Island's final subdivision approval, and extend the time limit in Judge Mulford's 5 November 2007 Order to provide Kent Island five additional years in which to obtain final subdivision approval, consistent with the laws in effect as of 18 November 2003. The Consent Order, signed by the parties to *Kent Island I*, was signed and entered by Judge Mulford on 10 March 2009.[8] In accordance

---

**7.** Petitioner contends that it received final subdivision approval from the Planning Commission on 13 November 2008. Respondents contend that Kent Island received at that time only conditional subdivision approval, subject to a number of conditions that it has not fulfilled yet, and has not received yet final subdivision approval, in violation of the time limitation in Judge Mulford's 2007 Order. In oral argument before this Court, the parties agreed that Kent Island fulfilled the conditions and received final subdivision approval in November 2012. For reasons to be explained, this has no significance to the outcome of this appeal.

**8.** Following the entry of the Consent Order, Kent Island submitted revised site plans and subdivision plats to the Queen Anne's County

with the Consent Order, the pending appeal was dismissed by the Court of Special Appeals on 17 March 2009.

The present action, *Kent Island II,* was filed by Respondents, who were not parties to *Kent Island I,* on 23 December 2009 in the Circuit Court for Queen Anne's County. Respondents asked the Circuit Court for Queen Anne's County to invalidate the Consent Order entered in *Kent Island I.* Specifically, Respondents alleged that the Consent Order is invalid because it establishes illegal contract zoning, unlawfully attempts to create a Development Rights and Responsibilities Agreement, denies Respondents equal protection under the law, and confers special privileges and zoning upon a single property, thus rendering the Consent Order an invalid special law. Kent Island filed on 22 January 2010 a Motion to Dismiss or, in the Alternative, to Transfer the Action to the Circuit Court for Anne Arundel County, asserting that, due to the long litigation history of *Kent Island I* in Anne Arundel County and the possibility of "conflicting and inconsistent opinions," Anne Arundel County was the proper forum to consider Respondents' assertions "as the court that approved and entered the Consent Order." On 12 February 2010, the Circuit Court for Queen Anne's County granted, without elaboration, Kent Island's Motion to Transfer and ordered the case transferred to the Circuit Court for Anne Arundel County.

*Kent Island II* was assigned to Judge Mulford. Respondents filed a Request for Recusal on 5 April 2010, contending that because Judge Mulford signed the Consent Order in *Kent Island I,* he was "inherently and personally biased and in-

Department of Land Use, Growth Management and Environment on 15 April 2009. The plans were submitted for review to the Planning Commission on 14 August 2009. The Planning Commission would not review, however, the unit plans in accordance with the Consent Order. The Circuit Court for Anne Arundel County found the Planning Commission in constructive civil contempt, and directed the Planning Commission to review Kent Island's revised site plans and subdivision plats pursuant to the Consent Order. The Planning Commission appealed to the Court of Special Appeals, which affirmed the judgment of the Circuit Court in an unreported opinion filed on 18 July 2011.

clined to ratify and uphold that agreement." Following a hearing on 30 June 2010, Judge Mulford denied the request for recusal. The parties then filed cross-motions for summary judgment. On 8 December 2010, Judge Mulford issued an Order and supporting Memorandum Opinion granting summary judgment in favor of Kent Island, concluding that: (1) the Consent Order does not constitute illegal contract zoning because it was the court's 5 November 2007 Order in Kent Island I, and not the Consent Order, which required Queen Anne's County to review Kent Island's plans under the laws in effect on 18 November 2003; (2) the Consent Order is not itself a Development Rights and Responsibility Agreement; and (3) Respondents were not denied equal protection of the law.

Respondents filed timely a Notice of Appeal to the Court of Special Appeals, challenging the decision of the Circuit Court for Queen Anne's County to transfer venue to the Circuit Court for Anne Arundel County, as well as Judge Mulford's decisions to deny Respondents' request for his recusal and to grant summary judgment on the merits to Kent Island. In a reported opinion filed on 1 March 2012, a panel of the intermediate appellate court vacated the judgment of the Circuit Court for Anne Arundel County and remanded with instructions to transfer the case to Queen Anne's County, finding that the Circuit Court for Queen Anne's County abused its discretion in transferring the case to Anne Arundel County in the first instance because Queen Anne's County had properly both venue and subject matter jurisdiction to consider and decide *Kent Island II. DiNapoli v. Kent Island, LLC,* 203 Md.App. 452, 38 A.3d 509 (2012). Specifically, the court determined that venue in Queen Anne's County was proper because only Queen Anne's County was common to all parties, and "[n]othing in the venue statutes ... indicates the location of prior litigation is a factor that governs, or is dispositive of, venue." *Id.* at 472, 38 A.3d at 521.

The Court of Special Appeals, in considering whether the Circuit Court for Queen Anne's County had jurisdiction to hear the case, noted that a circuit court has "full common-law

and equity powers and jurisdiction in all civil and criminal cases within its county," *id.* at 473, 38 A.3d at 521 (quoting Md.Code (1973, 2006 Repl.Vol.), Courts & Judicial Proceedings Article, § 1–501), which is not divested merely because the court was asked to review "a Consent Order signed by a judge from another circuit court." [9] *Id.* Moreover, the court noted that "[c]ircuit courts regularly review, modify, and enforce orders, settlement agreements, and decisions from other circuit courts," and thus the litigation of *Kent Island I* in Anne Arundel County did not deprive Queen Anne's County of jurisdiction to consider Respondents' attack on the validity of the Consent Order. *Id.* at 473–74, 38 A.3d at 521–22. Because the Court of Special Appeals determined that *Kent Island II* should have been heard in the Circuit Court for Queen Anne's County, it vacated the decision of the Circuit Court for Anne Arundel County, without considering the arguments raised by Respondents as to recusal of Judge Mulford or the merits of the collateral attack on the Consent Order. *Id.* at 477, 38 A.3d at 523.

Upon Kent Island's petition, we issued a writ of *certiorari* on 21 June 2012 to consider the following questions:

(1) Whether the Court of Special Appeals was wrong in finding that a Consent Order, agreed to by the parties, signed by a judge and entered as a final judgment by the Circuit Court for Anne Arundel County was a mere settlement agreement, reviewable by the Circuit Court for Queen Anne's County rather than a final judgment that could only be revised by the Circuit Court entering the judgment as set forth in Rule 2–535 based on fraud, mistake or irregularity.

(2) Whether the Court of Special Appeals was wrong in finding that the Circuit Court for Queen Anne's County had

---

**9.** The Court of Special Appeals appeared also to equate the Consent Order signed by Judge Mulford to a mere settlement agreement. It is unclear from the opinion, however, how this was weighed as a factor in its analysis. *See id.* at 472–74, 38 A.3d at 521–22.

subject matter jurisdiction to review a final judgment entered by the Circuit Court for Anne Arundel County.

## DISCUSSION

### I. The 2009 Consent Order in *Kent Island I* is a Final, Enrolled Judgment

■ The parties disagree regarding the legal effect of the Consent Order entered by Judge Mulford in *Kent Island I*. Specifically, Kent Island argues that the Consent Order is a final judgment, and thus is subject to revision only in the same manner as any final judgment. Respondents, by contrast, refer to the Consent Order throughout their brief as a "settlement agreement," and thus argue that, despite Judge Mulford's imprimatur, the Circuit Court for Queen Anne's County may hear a challenge to the Consent Order's validity brought by strangers to *Kent Island I*. Indeed, in determining that the Circuit Court for Queen Anne's County had fundamental jurisdiction to decide the present litigation, the Court of Special Appeals stated that the 2009 Consent Order "was simply a settlement agreement," that "[t]he Circuit Court for Anne Arundel County resolved no conflict in the case and took no evidence or heard argument upon which it resolved a contested issue," and that "the parties crafted their own terms and Judge Mulford, by signing the agreement, did not order the parties to do anything that they had not agreed to do." *Id.* at 473–44, 38 A.3d at 521–22.

■ The Court of Special Appeals erred in equating the Consent Order entered by Judge Mulford with a mere settlement agreement. Although a settlement agreement is not a final judgment, a consent order is. *See Jones v. Hubbard,* 356 Md. 513, 525–26, 740 A.2d 1004, 1011 (1999). "A consent judgment or consent order is an agreement of the parties with respect to the resolution of the issues in the case or in settlement of the case, that has been embodied in a court order and entered by the court, thus evidencing its acceptance by the court." *Long v. State,* 371 Md. 72, 82, 807 A.2d 1, 6–7 (2002) (citing *Jones,* 356 Md. at 529, 740 A.2d at 1013; *Cher-*

*nick v. Chernick,* 327 Md. 470, 478, 610 A.2d 770, 774 (1992)). A consent decree memorializes the parties' agreement to relinquish the right to litigate the controversy, "and thus save themselves the time, expense, and inevitable risk of litigation." *Id.* at 82, 807 A.2d at 7 (quoting *United States v. Armour & Co.,* 402 U.S. 673, 681, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256, 263 (1971)).

Although consent judgments are, at the same time, contractual and judicial in nature, "consent judgments should normally be given the same force and effect as any other judgment, including judgments rendered after litigation." *Jones,* 356 Md. at 532, 740 A.2d at 1014; *Chernick,* 327 Md. at 478, 610 A.2d at 774. It is a "judgment and an order of court. Its only distinction is that it is a judgment that a court enters at the request of the parties." *Jones,* 356 Md. at 528, 740 A.2d at 1013. Thus, a consent order entered properly carries the same weight and is treated as any other final judgment. Here, because the Consent Order was a final disposition of the matter in controversy, adjudicated the claims against all parties (including Kent Island's outstanding claim for attorneys' fees and the pending appeal), and was properly entered on the docket by the clerk, *see Jones,* 356 Md. at 524, 740 A.2d at 1010 (noting the requirements for the proper entry of a final judgment (quoting *Bd. of Liquor License Comm'rs v. Fells Point Café, Inc.,* 344 Md. 120, 129, 685 A.2d 772, 776 (1996))), the Consent Order became the final judgment in *Kent Island I* on 10 March 2009 and became enrolled thirty days later, absent the entry of a stay.

Additionally, the Court of Special Appeals appeared to characterize the Consent Order as a mere settlement agreement because, by virtue of the appeal pending in the Court of Special Appeals at the time the Consent Order was entered, the Circuit Court for Anne Arundel County was "divest[ed] ... of jurisdiction" during the pendency of the appeal, and thus lacked the authority to take any action with respect to *Kent Island I. DiNapoli,* 203 Md.App. at 473, 38 A.3d at 521. We have noted repeatedly, however, that in the

absence of a stay, trial courts retain fundamental jurisdiction over a matter despite the pendency of an appeal. *See, e.g., Cottman v. State,* 395 Md. 729, 739, 912 A.2d 620, 625–26 (2006); *County Comm'rs v. Carroll Craft Retail, Inc.,* 384 Md. 23, 44–45, 862 A.2d 404, 417–18 (2004); *Pulley v. State,* 287 Md. 406, 417–18, 412 A.2d 1244, 1250 (1980). Thus, a trial court may continue ordinarily to entertain proceedings during the pendency of an appeal, so long as the court does not exercise its jurisdiction in a manner affecting the subject matter or justiciability of the appeal. *Carroll Craft Retail,* 384 Md. at 45, 862 A.2d at 417–18. Even if a trial court does so, however, such a ruling is not void for lack of jurisdiction, but is instead reversible on appeal. *Downes v. Downes,* 388 Md. 561, 575, 880 A.2d 343, 351 (2005); *Carroll Craft Retail,* 384 Md. at 45, 862 A.2d at 417–18. The parties to a pending appeal are free, before the appeal is decided, to enter into a court-sanctioned agreement resolving the litigation and dismissing the pending appeal, no matter that the appeal remained pending at the time the agreement is memorialized in a consent judgment. Thus, because the Circuit Court for Anne Arundel County had jurisdiction to enter the Consent Order at the time the appeal in *Kent Island I* was pending, the Consent Order is a valid final and enrolled judgment.

II. The Circuit Court for Queen Anne's County Does Not Have Jurisdiction to Consider a Collateral Attack on a Consent Order Entered by the Circuit Court for Anne Arundel County

Kent Island contends primarily that the Circuit Court for Queen Anne's County is not empowered in *Kent Island II* to consider a collateral attack on the validity of the Consent Order because it is not the jurisdiction in which the Consent Order was entered. Specifically, Kent Island asserts that circuit courts are not vested with the authority to overturn final judgments made by other circuit courts, and thus the Circuit Court for Queen Anne's County does not have jurisdiction over Respondents' claims. Additionally, because the Consent Order was a final, enrolled judgment in *Kent Island I,*

Kent Island argues that revision of the judgment is limited by the requirements of Maryland Rule 2–535[10] and § 6–408 of the Courts and Judicial Proceedings Article.[11] Because Respondents did not satisfy the criteria under either of these provisions, Kent Island maintains that neither Circuit Court here has the authority to modify, review, or overturn the Consent Order entered in *Kent Island I.* By contrast, Respondents (and the Court of Special Appeals) believe that there is no prohibition against one circuit court reviewing and upsetting an enrolled Consent Order issued by another. Rather, as the Court of Special Appeals stated, "[c]ircuit courts regularly review, modify, and enforce orders, settlement agreements, and decisions from other circuit courts." *DiNapoli,* 203 Md. App. at 474, 38 A.3d at 522 (citing *Nace v. Miller,* 201 Md.App. 54, 69–71, 28 A.3d 737, 746–48 (2011), *cert. denied,* 424 Md. 56, 33 A.3d 982 (2011); *Sigurdsson v. Nodeen,* 180 Md.App. 326, 345, 950 A.2d 848, 859 (2008), *aff'd,* 408 Md. 167, 968 A.2d 1075 (2009)).

 Jurisdiction embraces two distinct concepts: "(i) the power of a court to render a valid decree, and (ii) the propriety of granting the relief sought." *Maryland Bd. of Nursing v. Nechay,* 347 Md. 396, 406, 701 A.2d 405, 410 (1997) (quoting *Moore v. McAllister,* 216 Md. 497, 507, 141 A.2d 176, 182 (1958)). Whether a court has fundamental jurisdiction, or

---

**10.** Maryland Rule 2–535 provides that, after the expiration of thirty days following the entry of a judgment, the judgment may only be modified in the case of clerical error or in the following manner:

 (b) On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity. . . .

**11.** Maryland Code, § 6–408 of the Courts and Judicial Proceedings Article states:

 For a period of 30 days after the entry of a judgment, or thereafter pursuant to motion filed within that period, the court has revisory power and control over the judgment. After the expiration of that period the court has revisory power and control over the judgment only in case of fraud, mistake, irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule.

the "power, or authority, . . . to render a valid final judgment," is determined by the applicable constitutional and statutory provisions. *Kaouris v. Kaouris,* 324 Md. 687, 708, 598 A.2d 1193, 1203 (1991).

■ The authority of the circuit courts of Maryland is defined by Article IV, § 20 of the Maryland Constitution and § 1–501 of the Courts and Judicial Proceedings Article. The Maryland Constitution provides, in relevant part, that each circuit court has "all the power, authority and jurisdiction, original and appellate, which the Circuit Courts of the counties exercised on [4 November 1980]. . . ." Md. Const., Art. IV, § 20. Circuit courts are the "highest common-law and equity courts of record exercising original jurisdiction within the State," and have "full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, . . . except where by law jurisdiction has been limited or conferred exclusively upon another tribunal." Md.Code (1973, 2006 Repl.Vol.), Courts & Judicial Proceedings Article, § 1–501. Because the circuit courts operate largely independently of each other, they are not vested inherently with the authority to enforce orders entered by other circuit courts. *Solomon v. Solomon,* 118 Md.App. 96, 114, 701 A.2d 1199, 1207 (1997) ("Art. IV § 20 of the Maryland Constitution authorizes the circuit court of each county and of Baltimore City, in the absence of any express statutory authority to the contrary, to enforce only its own judgments."). Special statutory authority has been enacted by the General Assembly where it desires otherwise in discrete circumstances.

■ Respondents seek to attack collaterally the final and enrolled judgment entered by the Circuit Court for Anne Arundel County. *See Fisher v. DeMarr,* 226 Md. 509, 514, 174 A.2d 345, 348 (1961) ("Where in a subsequent judicial proceeding the judgment is relied upon as a cause of action or defense by one party to the proceeding and the other party sets up the invalidity of the judgment, he is collaterally attacking the judgment." (quoting Restatement of Judgments, § 11)). Contrary to the reasoning of Respondents and the Court of

Special Appeals, however, a circuit court does not possess jurisdiction generally to review, modify, or overrule Consent Orders entered by another circuit court, all things being equal. *See* Md. Const., Art. IV, § 20; *Solomon*, 118 Md.App. at 114, 701 A.2d at 1207. We have long held that "the acts of a competent tribunal cannot be reviewed collaterally. They are to be taken as a just and proper exercise of power in all other Courts." *Clark v. Southern Can Co.*, 116 Md. 85, 93, 81 A. 271, 274 (1911) (quoting *Cook's Lessee v. Carroll*, 6 Md. 104, 112 (1854)). *See also Johnson v. Johnson*, 265 Md. 327, 331, 289 A.2d 318, 320 (1972) ("[A] final determination reached by a court having jurisdiction [cannot] be made the subject of collateral attack."); *Dorsey v. Wroten*, 35 Md.App. 359, 361, 370 A.2d 577, 579 (1977) ("A consent decree is entered under the eye and with the sanction of the court and should be considered a judicial act not open to question or controversy in a collateral proceeding.").

In support of their contention that the Circuit Court for Queen Anne's County has jurisdiction to entertain and decide *Kent Island II*, Respondents rely primarily, as did the Court of Special Appeals, on *Sigurdsson v. Nodeen*, 180 Md.App. 326, 950 A.2d 848 (2008), *aff'd*, 408 Md. 167, 968 A.2d 1075 (2009), and *Nace v. Miller*, 201 Md.App. 54, 28 A.3d 737 (2011), *cert. denied*, 424 Md. 56, 33 A.3d 982 (2011). This reliance, however, is misplaced. In *Sigurdsson*, the Court of Special Appeals considered, in part, whether the Circuit Court for Calvert County could modify properly a child custody order entered in the Circuit Court for Anne Arundel County. Because § 1–201 of the Family Law Article conferred jurisdiction over custody issues, including the power to modify and enforce orders, to both courts, the court determined that jurisdiction to modify existed in both of the forums. *Sigurdsson*, 180 Md.App. at 342, 345–46, 950 A.2d at 857, 859. Thus, the determination of which forum was proper rested on venue grounds. *Id.* at 346, 950 A.2d at 859. In *Sigurdsson*, jurisdiction to modify the custody order existed in both Calvert and Anne Arundel County by virtue of statutory authorization. *See* Md.Code, Family Law Article, § 1–201. In the present

case, however, there is no such special statutory authority for the subject matter [12] granting Queen Anne's County jurisdiction to modify the Consent Order entered by the Circuit Court for Anne Arundel County.

██ *Nace v. Miller*, 201 Md.App. 54, 28 A.3d 737, is inapplicable for similar reasons. In *Nace*, the Circuit Court for Prince George's County decided, pursuant to a motion filed by the appellant, to transfer the case to the Circuit Court for Montgomery County. At issue was whether the law of the case doctrine [13] prohibited the Circuit Court for Montgomery County from considering and deciding independently a later motion to transfer filed by the appellee, thereby effectively reconsidering the decision of the Prince George's County judge. *Id.* at 62–63, 28 A.3d at 743. In determining that reconsideration of the transfer decision was permitted, the Court of Special Appeals noted that the law of the case doctrine is "rooted in appellate framework," and does not prohibit different circuit courts from "readdressing a motion [in the same case] in the absence of an appellate decision." *Id.* at 68–69, 28 A.3d at 746.

Respondents assert that *Nace* supports their proposition that "a judge of coordinate jurisdiction is free to adopt another judge's reasoning *but is not bound to do so*," thereby permitting impliedly the Circuit Court for Queen Anne's County to consider an attack on the validity of the Consent Order. *Nace*, however, considered whether the parties were free to re-litigate (and a new judge to decide) an issue heard twice

---

12. Because the jurisdiction of the circuit court is defined by constitutional and statutory provisions, *Kaouris*, 324 Md. at 708, 598 A.2d at 1203, in some instances, most notably in child support and custody actions, circuit courts by statute are vested with jurisdiction to enforce, revise, or modify judgments entered by another court. *See, e.g.,* Md. Code (1984, 2012 Repl.Vol.), Family Law Article, §§ 9.5–203–04, 10–350. No such special statutory provision governs the circumstances of the present case.

13. The law of the case doctrine states that a trial court is bound by a ruling of an appellate court in the case before it, as outlined by this Court in *Kearney v. Berger*, 416 Md. 628, 7 A.3d 593 (2010).

within the same case, and thus, between the same parties. Here, by contrast, Respondents were not parties to the original case, and seek to litigate the validity of a final judgment not within a continuation of *Kent Island I*, but rather in a collateral action. Thus, *Nace* is inapplicable and does not support the proposition that the Circuit Court for Queen Anne's County has jurisdiction to consider a challenge to *Kent Island I*.

 Even assuming that the Circuit Court for Queen Anne's County had fundamental jurisdiction to hear *Kent Island II*, it may not grant the relief sought by Respondents. The authority of a circuit court to revise or modify a final judgment is limited—"once parties have had the opportunity to present before a court a matter for investigation and determination, and once the decision has been rendered and the litigants, if they so choose, have exhausted every means of reviewing it, the public policy of this State demands that there be an end to that litigation." *Schwartz v. Merchants Mortg. Co.,* 272 Md. 305, 308, 322 A.2d 544, 546 (1974); *see also Haskell v. Carey,* 294 Md. 550, 558–59, 451 A.2d 658, 663 (1982). Thus, a final judgment entered by a circuit court may be reversed or vacated only on appeal or revised pursuant to Maryland Rule 2–535 or § 6–408 of the Courts and Judicial Proceedings Article. *Office of People's Counsel v. Advance Mobilehome Corp.,* 75 Md.App. 39, 46–47, 540 A.2d 151, 155 (1988).

Maryland Rule 2–535 and § 6–408 of the Courts and Judicial Proceedings Article provide that, after thirty days have passed since the entry of a final judgment, a court may modify only its judgment upon motion of a party to the proceeding proving, to the satisfaction of the court, fraud, mistake, or irregularity. Neither provision (or another bearing on the particular subject matter of this dispute), however, contemplates a circuit court other than the one entering the original judgment possessing the power to modify or unravel that judgment. As implied by Maryland Rule 2–535 and § 6–408 of the Courts and Judicial Proceedings Article, a circuit court

may revise or modify only those final judgments entered by that circuit court. *See* Md. R. 2–535 (*"the court* may exercise revisory power over *the judgment"* (emphasis added)); Md. Code (1973, 2006 Repl.Vol.), Courts & Judicial Proceedings Article, § 6–408 (*"the court* has revisory power and control over *the judgment"* (emphasis added)). *Cf. Solomon,* 118 Md.App. at 114, 701 A.2d at 1207 (interpreting Article IV, § 20 of the Maryland Constitution as granting each circuit court the authority to enforce only those orders entered by that circuit court). Thus, the Circuit Court for Queen Anne's County does not have jurisdiction to revise or modify the Consent Order, a final judgment, entered by the Circuit Court for Anne Arundel County.

Moreover, the Circuit Court for Anne Arundel County is also not empowered to revise or modify the judgment entered in *Kent Island I* in the manner sought by Respondents. Respondents demonstrated no basis satisfying the criteria set forth in either Maryland Rule 2–535 or § 6–408 of the Courts and Judicial Proceedings Article. Read together, the provisions permit revision or modification of a final judgment only upon motion by a party to the proceeding asserting fraud, mistake, or irregularity. *See Nechay,* 347 Md. at 408, 701 A.2d at 411 (stating that Maryland Rule 2–535 and § 6–408 of the Courts and Judicial Proceedings Article were intended to be "read together, complementing or supplementing each other"). None of the Respondents, however, were a party in *Kent Island I* (nor did they seek to intervene in that litigation), nor did they ask (even if they could) the Circuit Court for Anne Arundel County to exercise its revisory power over the final judgment. Moreover, Respondents offer no support for their contention that a stranger to litigation, not involved in any way as a party, may file a suit later seeking to impeach the final judgment. Thus, on the record before us, Respondents cannot maintain an action seeking either Circuit Court, whether for Queen Anne's County or for Anne Arundel County, to exercise revisory power over the judgment in *Kent Island I.* The Court of Special Appeals should have dismissed

the underlying action in *Kent Island II,* rather than engaging in a venue analysis. Accordingly, we reverse.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH INSTRUCTIONS TO VACATE THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AND TO REMAND THE CASE TO THE CIRCUIT COURT WITH INSTRUCTIONS TO DISMISS THE COMPLAINT. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENTS.**