*Brandon Stanley Caples v. State of Maryland*
No. 1920, September Term 2022

**Search and Seizure – Search Warrants – Validity of Warrant – Cross-Designation of Issuing Judge**.  A search warrant for a residence in Charles County was issued by two incumbent judges of the Circuit Court of Prince George's County.  The defendant moved to suppress evidence recovered during execution of the warrant solely on the ground that neither judge who signed the warrant had jurisdiction to authorize a search in Charles County.  The issuing judges had both been cross-designated by the Chief Judge of the Court of Appeals of Maryland (now known as the Chief Justice of the Supreme Court of Maryland), pursuant to the Chief Judge's authority under the Maryland Constitution and Maryland Rules, to the District Court during the period that the warrant was issued and therefore had statewide jurisdiction.  In addition, both judges had also been cross-designated to the Circuit Court for Charles County under an administrative order, then in effect, issued by the Chief Judge in connection with the COVID-19 emergency.  Accordingly, the judges who issued the search warrant had jurisdiction to do so and the warrant was not invalid for lack of jurisdiction.  Evidence recovered during execution of the warrant was not subject to exclusion for violation of the Fourth Amendment solely on that ground.

Circuit Court for Charles County
Case No. C-08-CR-22-000268

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1920

September Term, 2022

_____

BRANDON STANLEY CAPLES

v.

STATE OF MARYLAND

_____

Graeff
Shaw
McDonald, Robert N.
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by McDonald, J.

_____

Filed: July 1, 2024

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Pursuant to a plea agreement with the State, Appellant Brandon S. Caples pled guilty in the Circuit Court for Charles County, under a rule allowing conditional guilty pleas,[1] to unlawfully possessing two regulated firearms. The police had discovered those firearms while they were arresting him on an unrelated charge at an apartment he shared with his girlfriend in Charles County. The police later seized those weapons, among others, after obtaining a search warrant for the apartment. The Circuit Court ultimately denied Mr. Caples' motion to suppress the two firearms. Under the plea agreement, Mr. Caples retained the right to appeal that decision. This is that appeal.

As a starting point for his motion to suppress the firearms, Mr. Caples asserted that the search warrant for the apartment, which had been issued by two Prince George's County Circuit Court judges, was invalid. Specifically, Mr. Caples argued that the judges who signed the warrant lacked the authority to issue a warrant for execution in Charles County; that, absent a valid warrant, the officers' seizure of the two guns violated the requirement of the Fourth Amendment of the United States Constitution that searches be performed only pursuant to a proper warrant[2]; and that none of the judicially-recognized

---

[1] Maryland Rule 4-242(d)(2).

[2] The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

exceptions to that requirement applied to these circumstances. The State responded that the judges had authority to issue the warrant under administrative orders in effect at that time and that, even if the warrant was invalid, the search was constitutional because two exceptions to the warrant requirement applied – the "plain view doctrine" and the good faith exception. The Circuit Court concluded that the search warrant was invalid, but that the seizure of the two firearms was proper under the plain view doctrine.

For the reasons explained below, we hold that the search warrant was valid. We therefore affirm the conviction without reaching the question whether the plain view doctrine applied to the seizure of the two firearms.

# I

## Background

### A. *Facts Relevant to the Search and Search Warrant*

On November 11, 2021, officers from the Fugitive Unit of the Prince George's County Police Department, accompanied by a detective from the same department and a Charles County law enforcement officer, arrived at an apartment that Mr. Caples shared with his girlfriend in Charles County to execute an arrest warrant for Mr. Caples that had been issued in Prince George's County. The officers entered the apartment and called for Mr. Caples to appear. He emerged from a bedroom and obeyed their instructions to lie on the floor. An officer then checked the bedroom to see if anyone else was there. While

---

A key aspect of the warrant requirement is to ensure "the detached scrutiny of a neutral magistrate" as a safeguard against unreasonable searches. *Patterson v. State*, 401 Md. 76, 90 (2007) (internal quotation marks and citation omitted).

doing so, the officer saw a handgun and an "AK47 style rifle" on the bed. The officer showed the firearms to the detective, who then went to the Circuit Court for Prince George's County to apply for a search warrant for the apartment to seize firearms and evidence related to the charge on which Mr. Caples had been arrested.

The officer completed an application and affidavit on a form captioned "In the Circuit/District Court for Prince George's County, Maryland." As to the location to be searched, the application specified a particular address in "Waldorf, Charles County." The signature lines for the signature of the judicial officer before whom the affidavit was subscribed and sworn were labeled "Judge." On those lines appear the handwritten names and signatures, but not the titles, of two judges.[3]

The warrant itself was also on a form captioned "In the Circuit/District Court for Prince George's County." As to the location to be searched, it too specified the address as being in "Waldorf, Charles County." It bore signature lines under the heading, "Judge's signature." On those lines appear the handwritten names, but not the titles, of the two judges before whom the detective had signed the application form.[4]

---

[3] One of the judges was newly appointed; the other was an experienced judge assigned to mentor the newly-appointed judge under the Circuit Court's program for training new judges.

[4] The return of the search warrant was later made to another judge in Prince George's County, but did not identify the court. A processing form completed by a law enforcement officer referred to the Circuit Court for Prince George's County.

At the time, both judges whose names were on the forms were incumbent judges on the Circuit Court for Prince George's County.[5] However, that was not their only role that day. Under a series of administrative orders issued in response to the COVID-19 pandemic, including the one in effect on November 11, 2021 – the day the search warrant was issued – "all incumbent Maryland judges," except Orphans' Court judges, were "cross-designated to sit in any trial court in the State of Maryland." Third Amended Administrative Order Expanding Statewide Judiciary Operations in Light of the COVID-19 Emergency (August 6, 2021). In addition, a separate order, also in effect at that time and not explicitly related to the COVID-19 emergency, had specifically designated 23 judges of the Circuit Court for Prince George's County, including one of the judges who signed the search warrant, "to sit, either alone or with one or more Judges as Judges of the District Court of Maryland – District 5 (Prince George's County) for the period from July 1, 2021 through June 30, 2022, inclusive…." Designation (July 1, 2021). Similarly, a third order specifically added the second judge to that designation for the period from October 8, 2021 through June 30, 2022. Designation (October 8, 2021). All of the orders were issued by the Chief Judge of the Court of Appeals (now known as the Supreme Court of Maryland) and cited Article IV, §18 of the Maryland Constitution and the Maryland Rules as authority for the designations.

---

[5] The substantive basis for the warrant is not relevant to this appeal. Mr. Caples challenged the validity of the warrant only on the ground that neither judge had the power to issue a warrant for a search in Charles County.

- 4 -

## B.    *Procedural History*

On May 20, 2022, a grand jury in the Circuit Court for Charles County returned a 21-count indictment charging Mr. Caples with various firearms offenses relating to the firearms seized during the search.[6]

Mr. Caples filed a motion to suppress all of the evidence that the officers seized when they executed the search warrant. The stated basis for that motion was that the judges who issued the warrant were Circuit Court judges in Prince George's County and lacked jurisdiction to issue a warrant for a residence in Charles County, thus rendering the search warrant invalid. In response, the State argued that the judges who issued the warrant had jurisdiction pursuant to designations made in the administrative orders issued in response to the COVID-19 emergency. In the alternative, the State also invoked two exceptions to the warrant requirement: the "good faith exception" that applies when officers rely in good faith on a search warrant later determined to be defective and, specifically as to the two guns that officers observed in the bedroom when they executed the arrest warrant, the "plain view doctrine."

The Circuit Court held several hearings on the motion to suppress and heard testimony from two of the investigating officers. Ultimately, the Circuit Court concluded that the judges who had issued the warrant lacked jurisdiction and so it granted the motion

---

[6] The original indictment included incorrect dates for the offenses. The grand jury later returned a second indictment with the correct dates. After the plea agreement was reached, the second indictment was stetted and dates of two charges in the original indictment were amended to correct the relevant date for the counts to which Mr. Caples pled guilty.

to suppress the fruits of the search. In suppressing the fruits of the search, the court implicitly concluded that the good faith exception did not apply. However, with respect to the two guns observed by officers in the bedroom during Mr. Caples' arrest, the court held that they would be admissible under the plain view doctrine.

On September 14, 2022, Mr. Caples pled guilty to two counts of the indictment pertaining to the two weapons that the officers had initially found on the bed. The guilty plea was pursuant to an agreement with the State under which the plea was conditioned on his right to appeal the adverse decision on his motion to suppress the evidence of those firearms. On December 8, 2022, the court sentenced him to a composite sentence of one year incarceration followed by five years unsupervised probation. Mr. Caples was also ordered to forfeit the weapons that had been seized during the search.

Mr. Caples filed a timely notice of appeal.

## II

### Discussion

#### A.    *Authority of Circuit Court and District Court Judges to Issue Search Warrants*

By statute, circuit court and District Court judges are authorized to issue search warrants. Maryland Code, Criminal Procedure Article ("CP"), §1-203. In particular, a circuit court judge or a District Court judge may issue a search warrant "whenever it is made to appear to the judge … that there is probable cause to believe that … a [crime] is being committed by a person or in a … place or thing within the territorial jurisdiction of the judge…." CP §1-203(a)(2); *see also* Maryland Code, Courts & Judicial Proceedings Article ("CJ"), §1-609 (pertaining to District Court judges' authority).

- 6 -

The "territorial jurisdiction" of a circuit court judge is distinct from that of a District court judge. There is a separate circuit court for each Maryland county and Baltimore City. Maryland Constitution, Article IV, §20. Each circuit court's jurisdiction is specific to that court's county. *See* CJ §1-501 (each circuit court has "full common-law and equity powers and jurisdiction in all civil and criminal cases within its county…."). The circuit courts "operate largely independently of each other." *Kent Island, LLC v. DiNapoli*, 430 Md. 348, 363 (2013). Thus, a circuit court judge's powers within the circuit court to which the judge was appointed do not ordinarily include the power to issue a warrant for a search of property located in the jurisdiction of another county. *Gattus v. State*, 204 Md. 589, 595-96 (1954).

By contrast, the District Court is a unified court, not divided into jurisdictions within the State. Maryland Constitution, Article IV, §§41A-41I. Accordingly, while District Court judges may be assigned to sit in particular counties, they do not have separate "territories" within the State. *Birchead v. State*, 317 Md. 691, 699 (1989). A District Court judge may issue a search warrant that specifies a particular place anywhere in the State as the location to be searched. *Brown v. State* 153 Md. App. 544, 576 (2003). Thus, the reference to "territorial jurisdiction" in CP §1-203 does not confine a District Court judge's search-warrant authority to the issuance of a warrant for a search within the county in which the particular District Court judge sits.

The territorial jurisdiction of a particular judge is also determined by any temporary designation of that judge by the Chief Justice to sit on another court. Subject to exceptions not relevant here, the State Constitution provides that the Chief Justice of the Supreme

- 7 -

Court of Maryland (previously called the Chief Judge of the Court of Appeals) "may, in case of a vacancy, or of the illness, disqualification or other absence of a justice or judge or for the purpose of relieving an accumulation of business in any court assign any justice or judge … to sit temporarily in any court…." Maryland Constitution, Article IV, §18(b); *see also* Maryland Rules 16-102(d), 16-108(b) (authorizing Chief Justice to assign a judge temporarily to another court). Once assigned, the judge "has all the power and authority pertaining to a justice or judge of the court to which the justice or judge is so assigned." Maryland Constitution, Article IV, §18(b); *see also* Maryland Rule 16-108(b). In authorizing the Chief Justice to temporarily assign judges, neither the Constitution nor the Maryland Rules suggest that the search-warrant power of a judge designated to a court by assignment is any less than that of an incumbent judge of that court.

Similarly, in authorizing judges to issue search warrants, neither CP §1-203 nor CJ §1-609 distinguishes between an incumbent judge of a court and a judge who has been designated to sit as a judge of a court under the State Constitution and Maryland Rules. The case law also does not suggest that the term "judge" as used in CP §1-203 and CJ §1-609 should be construed to refer only to judges acting in their incumbent positions – that is, the positions to which the Governor appointed them. *See Dep't of Hum. Res. v. Howard*, 397 Md. 353, 362–63, (2007) (explaining that the phrase "incumbent judges" of the Court of Special Appeals, now called the Appellate Court of Maryland, referred to the 13 active judges of that court and did not encompass judges temporarily assigned to it). In *Howard*, the Court contrasted CJ §1–403(c), which provides that "'[t]he concurrence of a majority of the incumbent judges of the entire court is necessary for decision of a case heard or

reheard by the court in banc,'" with CJ §1–403(b), which refers to panels of "not less than three judges," and noted that "[t]he critical modifier 'incumbent' is conspicuous by its absence [from CJ§ 1–403(b)]." 397 Md. at 363. That modifier is also absent from CP §1-203 and CJ §1-609. It is thus evident that those sections confer on a judge specially assigned to a court the same authority that they confer on an incumbent judge of that court.

## B.     *Application to this Case*

In this case, two judges of the Circuit Court for Prince George's County, cross-designated to sit temporarily as District Court judges in the District Court's District 5, issued a warrant for the search of an address that the warrant accurately described as being located in Charles County. As explained above, a District Court judge's authority to issue a search warrant within Maryland is not constrained by county, and that authority is not reserved to an incumbent District Court judge, as opposed to a judge temporarily assigned to the District Court. There is no dispute that the two judges who signed the search warrant at issue had been properly designated to sit in the District Court. They had also been cross-designated under the COVID-19 emergency administrative order to sit as judges of the Circuit Court for Charles County, among others. Either way, the judges had the authority to issue the warrant for Mr. Caples' residence.[7]

---

[7] At the motions hearings in the Circuit Court, the State alluded to the cross-designation of the two judges to the District Court, but based its argument about the warrant's validity on their cross-designation to the Circuit Court for Charles County. However, the State's emphasis on the Circuit Court designation did not negate the actual authority of those judges under their cross-designation to the District Court.

At the motions hearings, defense counsel focused in part on the headings of some of the forms related to the search warrant that referred to Prince George's County.

The Circuit Court denied Mr. Caples' motion to suppress on the ground that the firearms had been in the officers' plain view and that the circumstances therefore met the plain view exception to the Fourth Amendment warrant requirement. In light of our conclusion that the warrant was valid, we need not address exceptions to that requirement.

## III

## Conclusion

For the reasons explained above, we affirm the Circuit Court's denial of Mr. Caples' motion to suppress the evidence of the firearms that the police found on his bed, although we do so on different grounds than those on which the Circuit Court relied.

> **JUDGMENT OF THE CIRCUIT COURT FOR CHARLES COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

However, the formal "label" that may appear on a document does not govern whether that document satisfies the requisites of the Fourth Amendment. *Cf. Whittington v. State*, 474 Md. 1, 23-31 (2021) (court authorization for GPS tracking of defendant's vehicle satisfied warrant requirement of Fourth Amendment even though it was labeled a "court order" rather than a "warrant").

There was no dispute in the Circuit Court as to whether the application for the warrant was supported by probable cause or whether the judges who signed the warrant functioned as the "detached … neutral magistrate" envisioned by the Fourth Amendment.